Affirmed and Memorandum Opinion filed April 29, 2004









Affirmed
and Memorandum Opinion filed April 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00151-CR

____________

 

EDDIE
MAXCIE HOUSTON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 311,735

_____________________________________________________

 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial
of appellant=s post-conviction motion for DNA
testing under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings six issues challenging the
denial of his motion and the constitutionality of the proceedings.  Because all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See
Tex. R. App. P. 47.1.  We affirm.








I.  Background

In February of 2002, appellant
filed a post-conviction motion requesting, inter alia, DNA testing of
any evidence containing biological material in the State=s
possession from his 1980 trial and conviction for murder.[1]  The trial court appointed counsel to
represent appellant.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2004).  The State
responded to appellant=s motion
and provided affidavits and supporting documentation of the condition of the
evidence.  The trial court found that
appellant failed to establish  evidence
still exists in a condition making DNA testing possible or that a reasonable
probability exists that he would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.  See Tex.
Code Crim. Proc. Ann. arts. 64.03(a)(1)(A)(i), 64.03(a)(2)(A) (Vernon
Supp. 2004).  Accordingly, the court
denied testing by written order containing its findings and conclusions signed
January 22, 2003.  Appellant filed a
timely, written notice of appeal.  

II.  Standard
of Review and Applicable Law

We review a trial court=s
decision to deny a motion for post-conviction DNA testing under a bifurcated
standard of review.  Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 
Accordingly, we afford almost total deference to the trial court=s
determination of historical fact issues and the application of law to the fact
issues that turn on credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA
testing may be ordered, certain criteria set forth in the statute must be
established:








(a)  A convicting court may order forensic DNA
testing under this chapter only if:

(1)  the court finds that:

(A) the evidence:

(i) still exists and is in
a condition making DNA testing possible; and

(ii) has been subjected to
a chain of custody sufficient to establish that it has not been substituted,
tampered with, replaced, or altered in any material respect; and

(B) identity was or is an
issue in the case; and

(2)  the convicted person establishes by a
preponderance of the evidence that:

(A) a reasonable
probability exists that the person would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing; and

(B) the request for the
proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001
Tex. Gen. Laws 2 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp.
2004)).[2]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

III.  Appellant=s Issues

In his first four issues, appellant argues the trial court
violated his constitutional rights under the Sixth and Fourteenth Amendments of
the U.S. Constitution and Article I, Section 10 of the Texas Constitution by
(1) conducting a final hearing on the motion without his presence, and (2)
denying him the opportunity to confront and cross-examine witnesses.  








The First Court of Appeals considered the same issues in Cravin
v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d), and held them to be without
merit. We have followed the reasoning of our sister court in addressing these
issues.  See Thompson v. State,
123 S.W.3d 781, 784 (Tex. App.CHouston [14th Dist.] 2003, no pet. h.).  We hold appellant=s claims are groundless and overrule
issues one through four.

In his fifth issue, appellant argues that the trial court
erred in considering inadmissible hearsay affidavits submitted by the
State.  No hearing is required before a
trial court makes its determination under article 64.03 whether to order
forensic DNA testing.  See Rivera v.
State, 89 S.W.3d 55, 58 (Tex. Crim. App. 2002).  The statute specifically contemplates a
post-conviction proceeding with submission of affidavits from the applicant and
a written response from the State, rather than an evidentiary hearing.  See Tex.
Code Crim. Proc. Ann. arts. 64.01(a), 64.02(2)(B)(Vernon Supp.
2004).  Moreover, the State is not
required to file affidavits with its response to an applicant=s motion
for DNA testing; the court may reach a decision based solely on the convicted
person=s motion
and affidavit and the State=s
response.  Cravin, 95 S.W.3d at
509.  Therefore, the trial court=s
decision need not be based on the State=s
affidavits.  We overrule appellant=s fifth issue.  

In his sixth issue, appellant contends the trial court erred
in denying his motion for DNA testing because the State failed to establish
that the requested materials were no longer in its possession.  Specifically, appellant argues that the State
failed to show no other law enforcement entity or outside laboratories or
agencies might have come into possession of and still retained evidence related
to his case.  








In response to appellant=s motion, the State explained that
some of the evidence from appellant=s trial had been destroyed.  The State provided affidavits from the Harris
County District Clerk=s Office and the Houston Police Department Crime Laboratory,
stating that the requested materials were not in their possession or had been
destroyed.  However, an affidavit from
the Houston Police Department Property Room stated that it possessed a AM.E. Box@ and seventeen Ashot shells.@ 
The existence of this evidence is of no consequence, however, because the
statute requires appellant to establish by a preponderance of the evidence that
he would not have been convicted if exculpatory results had been obtained
through DNA testing.  See Tex Code Crim. Proc. Ann. art.
64.03(a)(2)(A); Dinkins v. State, 84 S.W.3d 639, 643 (Tex. Crim. App.
2002) (stating trial court is never required to grant a motion for DNA testing
absent a showing under 64.03(a)(2)(A)); Kutzner v. State, 75 S.W.3d 427,
436B39 (Tex. Crim. App. 2002) (construing
article 64.03(a)(2)(A) to mean a convicted person must show reasonable
probability exists that exculpatory DNA testing would prove innocence); Thompson
v. State, 123 S.W.3d 781, 786 (Tex. App.CHouston [14th Dist.] 2003, no pet.
h.) (stating that even if the convicting court found evidence still existed
appellant failed to demonstrate a reasonable probability that he would not have
been convicted if exculpatory results had been obtained).  Here, the court found appellant failed to
meet his burden to establish this requirement by a preponderance of the
evidence.  Appellant does not challenge
this finding on appeal.  Accordingly, the
trial court did not err in denying appellant=s motion for post‑conviction
DNA testing.  Dinkins, 84 S.W.3d
at 643. We overrule appellant=s sixth issue.

Accordingly, the judgment of the
trial court is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed April 29, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  This court
affirmed appellant=s conviction.  See
Houston v. State, 667 S.W.2d 157 (Tex. App.CHouston
[14th Dist.] 1982, no pet.).  





[2]  The 2003
amendment to article 64.03(a)(2) applies to motions filed on or after September
1, 2003, and are inapplicable here.  All
subsequent citations will be to the statute in effect at the time appellant=s motion was filed.