Affirmed and Memorandum Opinion filed July 13, 2006








Affirmed and Memorandum Opinion filed July 13, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00853-CR

____________

 

WILL ROGERS BOSSETTE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 636978

 



 

M E M O R A N D U M   O P I N I O N








Appellant Will Rogers Bossette appeals the trial court=s denial of his
post-conviction motion for DNA testing under Chapter 64 of the Texas Code of
Criminal Procedure.  In 1993, a jury convicted appellant of attempted murder
and assessed punishment at sixty years= imprisonment, and
this court affirmed his conviction.[1] 
In 2003, appellant filed a motion for post-conviction DNA testing.  The State
opposed the motion on the basis that it possessed no testable biological
material.  See Tex. Code Crim.
Proc. Ann. art. 64.02 (Vernon Supp. 2005).  The trial court appointed
counsel for appellant and held a hearing in appellant=s absence.  The
State presented affidavits from the exhibits clerk at the Harris County
District Clerk=s Office and the records custodians at the Houston
Police Department=s crime laboratory and property room
showing it possessed no testable biological material, and the trial court denied
appellant=s motion on this basis.

Appellant raises six issues in this appeal.  In his first
two issues, appellant argues that the trial court violated his state and
federal constitutional rights by holding the hearing he requested in his
absence.  In his second two issues, appellant contends the trial court again
violated his state and federal constitutional rights by denying him the
opportunity to confront and cross-examine the State=s witnesses (the
affiants).  In his fifth issue, appellant claims the State=s affidavits
contained inadmissible hearsay.  Finally, appellant complains the State failed
to establish that it possessed no testable biological materials because it did
not submit additional evidence from all police and other law enforcement
agencies in Harris County or Aany number of additional outside
laboratories or agencies.@  We previously examined and rejected
these same six issues in Thompson v. State, 123 S.W.3d 781 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d); see also
Enard v. State, No. 14-05-00311-CR, 2006 WL 1752336 (Tex. App.CHouston [14th Dist.] Mar. 21, 2006,
pet. ref=d) (not designated
for publication).  We continue to follow this analysis, as have other courts
considering post-conviction motions for DNA testing.[2] 
We overrule appellant=s six issues and affirm the trial court=s judgment.

 

 

/s/      Leslie Brock Yates

Justice

 








Judgment rendered
and Memorandum Opinion filed July 13, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  See Bossette v. State, No. 14-93-00356-CR,
1997 WL 23266 (Tex. App.CHouston [14th Dist.] Jan. 23, 1997, no pet.).





[2]  See, e.g., Mearis v. State, 120 S.W.3d
20 (Tex. App.CSan Antonio 2003, pet. ref=d); Cravin v. State, 95 S.W.3d 506 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d); see also Whitaker v. State, 160 S.W.3d 5, 8B9 (Tex. Crim. App.) (holding that no evidentiary
hearing is required in response to a post-conviction motion for DNA testing), cert.
denied, 543 U.S. 864 (2004); Shannon v. State, 116 S.W.3d 52, 54
& n.5 (Tex. Crim. App. 2003) (noting that affidavit evidence from the State
Ais perfectly acceptable@ in response to a post-conviction motion for DNA testing).