**Donald L. THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–02–01194–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 11, 2003.

Stephen Morris, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Justices EDELMAN, KEM THOMPSON FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Donald L. Thompson challenges the trial court's denial of his post-conviction motion for DNA testing. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted appellant of aggravated sexual assault of a child in 1985, and the trial court sentenced him to fifty years' confinement in the Texas Department of Corrections. This court affirmed the judgment in an unpublished opinion issued January 29, 1987. *See Thompson v. State,* No. B14–85–382–CR, 1987 WL 5879 (Tex.App.-Houston [14th Dist.] Jan. 29, 1987, pet. ref'd) (not designated for publication). Appellant filed a pro se motion for DNA testing in February of 2002. The trial court appointed counsel and appellant filed a second motion for post-conviction DNA testing under chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01– 64.05 (Vernon Pamph.2004). In his supporting affidavit, appellant cited the victim's rape kit, the victim's clothing, and the possibility of "other physical evidence in the possession of the State" as evidence susceptible of DNA analysis. The State responded, attaching three affidavits, one each from the exhibits clerk of the Harris County District Clerk's Office, the custodian for the Houston Police Department Crime Lab, and the custodian for the Houston Police Department. Appellant filed written objections to the proceedings and evidence in October of 2002, and the

trial court denied appellant's objections the following day. The trial court also denied appellant's motion for post-conviction DNA testing and issued findings of fact and conclusions of law.

## II. ISSUES PRESENTED

Appellant presents the following issues for appellate review:

(1)-(2) Did the trial court violate appellant's federal and state constitutional rights by conducting a post-conviction DNA hearing in his absence?

(3)-(4) Did the trial court violate appellant's federal and state constitutional rights by denying him an opportunity to confront and cross-examine witnesses?

(5) Did the trial court err in admitting the State's affidavits because they constitute inadmissible hearsay in violation of the Texas Rules of Evidence?

(6) Did the trial court err in denying appellant's post-conviction motion for DNA testing because the State allegedly failed to establish that biological materials were not in its possession?

## III. ANALYSIS AND DISCUSSION

**A. Did the trial court violate appellant's federal and state constitutional rights by conducting a post-conviction DNA hearing in his absence?**

■ In his first two issues, appellant argues the trial court violated his federal constitutional right to due process and his state constitutional right to confrontation and cross-examination by conducting a final hearing on his post-conviction DNA testing motion in his absence.

Article 64.01 of the Texas Code of Criminal Procedure allows a convicted per-

son to submit to the convicting court a motion for DNA testing. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(a). The article requires the motion to be accompanied by a sworn affidavit "containing statements of fact in support of the motion." *See id.* Upon receipt of the motion, the convicting court must provide the State's attorney with a copy and require the State either to (1) deliver the evidence to the court, or (2) explain why it cannot do so. *See* TEX.CODE CRIM. PROC. ANN. art. 64.02(2)(A)-(B). The court may then order DNA testing upon certain findings set forth in article 64.03. *See* TEX.CODE CRIM. PROC. ANN. art. 64.03. The Texas Court of Criminal Appeals, examining the language in chapter 64, has stated that nothing in article 64.03 requires a hearing to determine whether appellant is entitled to DNA testing. *See Rivera v. State*, 89 S.W.3d 55, 58-59 (Tex. Crim.App.2002) (contrasting article 64.03 with article 64.04, which specifically requires a hearing).

It is unclear from the record whether the trial court held a hearing in this case. The court's order denying appellant's written objections to the proceedings and evidence indicates that the parties waived the presence of a court reporter. The order then describes the purpose of "this hearing"; however, the order also states that all issues of fact would be resolved on the basis of the affidavits filed with the court. In addition, the trial court's order denying appellant's motion for post-conviction DNA testing and the accompanying findings of fact and conclusions of law do not indicate whether a hearing was held.

Even if the trial court held a hearing, the record is unclear as to whether appellant was absent from the proceeding. Although appellant's written objections to the proceedings and evidence cite denial of

his right to be present in court as a ground for objection, the motion states: "Movant [appellant] requests that the record reflect that the State, the undersigned counsel, and the Movant [appellant] are before this Court." In addition, the trial court's order denying the objections suggests appellant was before the court.[1] Appellant makes much of the fact that the trial court's docket sheet fails to reflect his presence when the trial court denied the motion. However, the docket sheet does not contain any notations at all with regard to appellant's post-conviction motion for DNA testing other than the notice of appeal.

■■■ Even if appellant had been absent from a hearing on his motion for post-conviction DNA testing, his contentions would lack merit. Unlike a criminal trial, a chapter 64 proceeding such as this one does not implicate an appellant's confrontation-clause rights because this type of proceeding does not necessarily involve any witnesses or accusations against the appellant. *See Cravin v. State*, 95 S.W.3d 506, 510 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Rather, as set forth in chapter 64, the proceeding involves a motion made by the applicant followed by the State's non-accusatory response required under the statute. *See id.;* TEX.CODE CRIM. PROC. ANN. arts. 64.01-64.02. This type of proceeding is analogous to a habeas corpus proceeding in that it is an independent, collateral inquiry into the validity of the conviction. *See Cravin*, 95 S.W.3d at 509-10. Therefore, as in a post-conviction writ of habeas corpus proceeding, an applicant for a post-conviction DNA analysis enjoys neither a presumption of innocence nor a constitutional right to be present at a hearing. *Id.* at 510 (citing *Ex parte Mines*, 26 S.W.3d 910, 914 (Tex.

---

**1.** In its order denying appellant's objections, the trial court stated: "The Court further finds that counsel for the State and Movant are present. The Movant is also present."

Crim.App.2000)). Moreover, according to the record, appellant was represented by appointed counsel at the time of the hearing. Because it was not fundamentally unfair for the trial court to hold the post-conviction hearing in appellant's absence when appellant was represented by counsel, we find no violation of appellant's due-process rights. *See id.* at 511. Therefore, the trial court did not violate appellant's federal or state constitutional rights when it conducted a post-conviction hearing in appellant's absence, if indeed it did so. *See id.* at 511. Accordingly, we overrule appellant's first two issues.

**B. Did the trial court violate appellant's federal and state constitutional rights by denying him an opportunity to confront and cross-examine witnesses?**

■ In his third and fourth issues, appellant contends the trial court violated his federal and state constitutional right to confrontation and cross-examination by denying him an opportunity to confront and cross-examine the State's witnesses. Having held that appellant does not have a constitutional right to be present at a post-conviction DNA hearing, we hold, for the same reasons, that appellant does not have the right to confront and cross-examine witnesses.[2] *See id.* at 510.

**C. Did the trial court err in admitting the State's affidavits because they constitute inadmissible hearsay in violation of the Texas Rules of Evidence?**

■ In his fifth issue, appellant contends the trial court erred in considering the State's affidavits because the documents constitute inadmissible hearsay in

violation of the Texas Rules of Evidence. Appellant's argument presumes the rules of evidence apply to an article 64.03 proceeding. However, this article does not require an evidentiary hearing to determine whether DNA evidence exists. *See Rivera,* 89 S.W.3d at 59. Therefore, the rules of evidence are not necessarily implicated. *Mearis v. State,* 120 S.W.3d 20, 25 (Tex.App.-San Antonio, 2003, pet. ref'd).

Further, under the procedures set forth in article 64.02, the State is not required to include affidavits with its response in a post-conviction DNA inquiry. *See* Tex. Code Crim. Proc. Ann. art. 64.02(2)(B). Although an applicant's motion for DNA testing must be accompanied by a sworn affidavit, the language in the statute requires only a written response from the State. *See id.* The trial court may then reach a decision based on these documents without holding a hearing. *Cravin,* 95 S.W.3d at 509. The State attached affidavits as part of its required written response and the trial court did not err when it considered them. Accordingly, appellant's fifth issue is overruled.

**D. Did the trial court err in denying appellant's post-conviction motion for DNA testing because the State allegedly failed to establish that biological materials were not in its possession?**

■ In his sixth issue, appellant contends the trial court erred by denying his motion for DNA testing because the State failed to establish that no biological materials were in its possession. Specifically, appellant argues that the State failed to

**2.** In his appellate brief, appellant argues a violation of his federal constitutional right to due process in the issue heading and a violation of his federal constitutional right to confrontation and cross-examination in the analysis portion of his third issue. Assuming both arguments are fairly included under this is-

sue, we already have concluded that neither the confrontation clause nor the due-process clause affords appellant the right to be present and cross-examine witnesses in this type of proceeding. *See Cravin,* 95 S.W.3d at 509–11.

show no other Harris County law-enforcement entity or outside agencies might have come into possession of and still retained evidence related to his case.

A convicting court may order post-conviction DNA testing only if it finds that the evidence still exists and is in a condition making DNA testing possible. TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i). In response to appellant's motion for DNA testing, the State, citing affidavits from members of the Harris County District Clerk's Office, the Houston Police Department Property Division, and the Houston Police Department Crime Lab, explained that none of these agencies were in possession of any evidence in this matter. In fact, the affidavit from a custodian for the Houston Police Department Crime Lab stated that the Crime Lab did not even receive evidence in this case. We conclude the response filed by the State was sufficient to enable the trial court to determine that no evidence exists for DNA testing under article 64.03. See TEX.CODE CRIM. PROC. ANN. art. 64.03(a); Cravin, 95 S.W.3d at 511. The State was not required to obtain affidavits from every criminal justice department in the county as to criminal investigations in which they were not involved.

Even if the convicting court found the evidence still existed, the statute requires appellant to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. See TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A); Kutzner v. State, 75 S.W.3d 427, 436–39 (Tex.Crim.App.2002) (construing article 64.03(a)(2)(A) to mean a convicted person must show reasonable probability exists that exculpatory DNA testing would prove innocence). Here, the trial court found appellant failed to demonstrate the existence of such a reasonable

probability. Appellant does not challenge this finding on appeal. Accordingly, the trial court did not err in denying appellant's motion for post-conviction DNA testing. See Dinkins v. State, 84 S.W.3d 639, 643 (Tex.Crim.App.2002) (stating that a trial court is never required to grant a motion for DNA testing absent a showing under 64.03(a)(2)(A)). We overrule appellant's sixth issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.