Affirmed and Memorandum Opinion filed April 6, 2006









Affirmed and Memorandum Opinion filed April 6, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO 14-05-00446-CR

NO 14-05-00447-CR

 

_______________

 

MICHAEL JEROME EDWARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 827,178 &
862,982

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 

Michael
Jerome Edwards appeals two orders in two cases, consolidated for this appeal,
denying his motion for post-conviction DNA testing in each case on the grounds
that: (1) conducting a hearing on his motions without appellant being present
and by use of affidavits violated his constitutional rights; and (2) the State=s affidavits were inadmissible
because they contained hearsay.  We
affirm.








In
2001, appellant was convicted of both improper sexual activity with a person in
custody and sexual assault and sentenced to two years and ten years confinement
for the two offenses, respectively.[1]  In 2005, appellant filed  motions for DNA testing in both cases.  The trial court denied appellant=s motions. 

Appellant=s first four issues contend that the
trial court violated his constitutional rights to due process, confrontation,
and cross-examination by: (1) conducting a hearing on his motions for
post-conviction DNA testing without appellant being present; and (2) allowing
the State=s evidence to be provided by
affidavit without allowing appellant an opportunity to cross-examine the
affiants.

A
motion for DNA testing must be accompanied by a sworn affidavit containing
statements of fact in support thereof.   Tex. Code Crim. Proc. Ann. art.
64.01(a) (Vernon Pamphlet 2005).[2]  In this case, appellant=s motions were not accompanied by
such a sworn affidavit. Id.
art. 64.01(a).  Therefore, the trial
court did not err in denying them.








In
addition, a hearing is not required on a motion for post-conviction DNA
testing.[3]  Here, it does not appear that the trial court
held an evidentiary hearing on the motions because: (1) the court's order
denying appellant's written objections to the proceedings and evidence reflects
that appellant=s counsel was present and agreed to
waive the presence of a court reporter; and (2) the order indicates that all
issues of fact would be resolved on the basis of the affidavits filed with the
court.  Therefore, the record does not
reflect that any witnesses testified so as to invoke any right of confrontation
or cross-examination.  In addition,
because this type of proceeding, unlike a criminal trial, does not involve
accusations against the applicant, it does not implicate a confrontation clause
right or a right to be present at the hearing.[4]  Because appellant has thus not established a
federal or state constitutional right to be present, confront, or cross-examine
witnesses in a post-conviction DNA testing 
proceeding,[5]
his first through fourth issues are overruled.

Appellant=s fifth issue argues that the trial
court erred by relying on evidence contained in the affidavits submitted by the
State[6]
because the documents constituted inadmissible hearsay in violation of the
Texas Rules of Evidence.  However, this
contention has already been expressly rejected by this court.[7]
Accordingly, appellant's fifth issue is overruled, and the judgment of the
trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed April 6, 2006.

Panel consists of
Justices Anderson, Edelman, and Seymore. (Seymore, J., concurs in result only).

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           This
court affirmed both judgments in Edwards v. State, 97 S.W.3d 279 (Tex.
App.CHouston [14th Dist.] 2003, pet. ref=d). 





[2]           Upon
receipt of the motion, the convicting court must provide the State's attorney
with a copy and require the State either to: (1) deliver the evidence to the
court; or (2) explain why it cannot do so. 
Tex. Code Crim. Proc. Ann.
art. 64.02(2)(A)‑(B) (Vernon Pamphlet 2005).  The court may then order DNA testing upon
certain findings set forth in article 64.03. 
See id. art. 64.03.  





[3]           Whitaker
v. State, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004), cert. denied, 543
U.S 864 (2004); Rivera v. State, 89 S.W.3d 55, 58‑59 (Tex. Crim.
App. 2002) (contrasting article 64.03 with article 64.04, which specifically
requires a hearing). 





[4]           See
Thompson v. State, 123 S.W.3d 781, 784 (Tex. App.CHouston [14th Dist.] 2003,  pet. ref=d); Cravin
v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston
[1st Dist.] 2003, pet. ref=d); see also Ex parte Mines, 26 S.W.3d 910, 914
(Tex. Crim. App. 2000). 





[5]           Thompson,
123 S.W.3d at 785; see also Cravin, 95 S.W.3d at 510-11. 





[6]           The
trial court=s findings of fact refer to the State=s affidavits.





[7]           Thompson,
123 S.W.3d at 785.