Affirmed and Memorandum Opinion filed May 11, 2006









Affirmed
and Memorandum Opinion filed May 11, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00221-CR

____________

 

ROY JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 549,273

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Roy Jackson, appeals the denial
of his post-conviction motion to test DNA evidence.  In appellant=s first and second
points of error, he contends the trial court committed reversible error when it
conducted the DNA hearing without appellant being present.  In appellant=s third point of
error, he contends the trial court erred in finding identity was not and is not
an issue in this case.  We affirm.  








Procedural
Background

In December 1991, a jury found appellant
guilty of sexual assault and sentenced him to thirty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  This court affirmed the judgment of the trial
court.[1]  In October 2004, appellant filed a
post-conviction motion for forensic DNA testing of evidence collected in a rape
kit from the complainant, Nancy Dawn Wallace. 
The State responded and requested the trial court deny the motion.  The trial court held a DNA hearing on
February 17, 2005.  The trial court
issued findings of fact and conclusions of law, whereby it denied appellant=s motion because
appellant failed to prove identity was or is an issue in this case.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2005).  Appellant filed a timely notice of appeal. 

Discussion

I.                   
Constitutional Issues Waived








In appellant=s first and second points of error, he
contends the trial court committed reversible error when it conducted the DNA
hearing without appellant=s
presence, violating federal due process and state constitutional rights of
confrontation and cross-examination. 
Appellant was represented by counsel at this proceeding, but his counsel
made no objections to the trial court on due process or confrontation grounds.  Appellant has failed to preserve these issues
for review because he did not first present them to the trial court.  See Tex.
R. App. P. 33.1.  Moreover,
appellant=s
arguments are without merit.  This court
decided these same issues in Thompson v. State, in which we held a trial
court does not violate a convicted felon=s
federal constitutional due process rights or state constitutional confrontation
clause rights by conducting the post-conviction DNA hearing without the
convicted felon being present.  See
123 S.W.3d 781, 783B85 (Tex.
App.CHouston
[14th Dist.] 2003, pet. ref=d).  We overrule appellant=s
first and second points of error.  

II.                
Identity At Issue 

In appellant=s third point of error, he contends the
trial court erred by denying his motion for post-conviction DNA testing.  We review a convicting court=s denial of a motion for
post-conviction DNA testing under a bifurcated standard of review.  Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  We afford almost
total deference to the trial court=s
determination of issues of historical fact and the application of law to fact
issues that turn on an evaluation of credibility and demeanor.  Id. 
We review de novo the ultimate question of whether the trial
court was required to grant a motion for DNA testing under Chapter 64 of the
Texas Code of Criminal Procedure.  Id.  Article 64.03 permits a trial court to order
DNA testing only if the court finds (1) the evidence still exists and is in a
condition making DNA testing possible, (2) the evidence has been subjected to a
sufficient chain of custody, and (3) identity was or is an issue in the
case.  Tex.
Code Crim. Proc. Ann. art. 64.03(a). 
The convicted person must prove by a preponderance of the evidence that
the person would not have been convicted if exculpatory results had been
obtained through DNA testing and that the request is not made to unreasonably
delay the administration of justice.  Id.
' 64.03(a)(2)(A)B(B).  








Appellant argues a plea of Anot guilty@
is sufficient to raise the issue of identity at trial because such a plea puts
every material allegation in the indictment at issue, citing article 27.17 of
the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann.
art. 27.17 (Vernon 1989).  Based on that
premise, appellant concludes anytime a defendant pleads Anot
guilty@ at
trial, requiring the State to prove all elements of the offense beyond a
reasonable doubt, such a defendant would be entitled to post-conviction DNA
testing unless an uncontroverted confession is admitted into evidence.  We disagree with appellant=s conclusion because such a rule would
overtake the trial court=s
role in considering the requirements of article 64.03 and would conflict with
the convicted person=s
burden of proof to show the person would not have been convicted by a
preponderance of the evidence.  See
Smith v. State, 165 S.W.3d 361, 364 (Tex. Crim. App. 2005) (analyzing the
legislative intent of article 64.03 requiring a convicted person to prove there
is a 51 percent chance the defendant would not have been convicted).  

Appellant also argues he
never conceded or removed identity as an issue at trial.  On appeal from his conviction, this court
found appellant=s defense
at trial was that the encounter between the complainant and appellant was
consensual.  See Jackson v. State,
No. B14-91-00530-CR, 1991 WL 273184, at *2 (Tex. App.CHouston
[14th Dist.] Dec. 19, 1991, pet. ref=d)
(not designated for publication).  The
trial court issued the following findings of fact: (1) appellant addressed
consent during voir dire; (2) appellant challenged the complainant=s credibility during trial; (3) during
appellant=s
case-in-chief, his nephew testified he saw the complainant kissing appellant
several days before the date the assault was 
alleged to have occurred; and (4) defense counsel argued the defense of
consent before the jury during closing arguments.  This court has held a defense of consensual
intercourse does  not raise the issue of
identity when the defendant was accused of sexual assault,  and we have upheld the denial of
post-conviction DNA testing under these circumstances.  See, e.g., Scott v. State, No.
14-04-00612-CR, 2005 WL 1981050, at *2 (Tex. App.CHouston
[14th Dist.] Aug. 16, 2005, pet. ref=d)
(not designated for publication); Lopez v. State, No. 14-03-00871-CR,
2004 WL 503323, at *2 (Tex. App.CHouston
[14th Dist.] Mar. 16, 2004, pet. ref=d)
(not designated for publication).  Based
on the information in the record before us, we hold appellant did not show
identity was or is an issue in this case, and the trial court did not err in
denying appellant=s motion
for DNA testing.  Accordingly, we
overrule appellant=s third
point of error. 








Conclusion

Having considered and
overruled each of appellant=s
three issues on appeal, we affirm the judgment of the trial court.  

 

 

 

 

/s/         John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed May 11, 2006.

Panel consists of Justices Anderson, Edelman, and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 











[1]  See Jackson
v. State, No. B14-91-00530-CR, 1991 WL 273184 (Tex. App.CHouston [14th Dist.] Dec. 19, 1991, pet. ref=d) (not designated for publication).