Affirmed and Memorandum Opinion filed May 24, 2007








Affirmed and Memorandum Opinion filed May 24, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00310-CR

____________

 

EUGENE SHANNON ABNER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 610227

 



 

M E M O R A N D U M   O P I N I O N








In 1992, appellant, Eugene Shannon Abner, was convicted of
aggravated sexual assault of a child.  In 2004, he filed a post-conviction
motion for DNA testing of evidence containing biological material under chapter
64 of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 64.01-.05 (Vernon Supp.
2006).  The State responded with affidavits, discussing whether testable
material exists, whether any changes have occurred regarding testing
techniques, and whether identity was at issue in the case.  The trial court
denied the motion.  On appeal, appellant contends that the trial court violated
his United States and Texas constitutional rights by (1) conducting a hearing
on the DNA motion in his absence and (2) denying him the opportunity to
confront and cross-examine the witnesses against him, citing U.S. Const. amend. VI, XIV; Tex. Const. art. I ' 10.  We affirm.

Discussion

Before a trial court can order DNA testing under chapter
64, it must find that (1) evidence still exists and is in a condition making
DNA testing possible; (2) the evidence has been subjected to a proper chain of
custody; and (3) identity is an issue in the case.  Tex. Crim. Proc. Code Ann. art. 64.03(a)(1).  Additionally, a
movant must establish by a preponderance of the evidence that (1) he or she
would not have been convicted if exculpatory results had been obtained through
DNA testing; and (2) the request is not made to unreasonably delay the
sentence.  Id. art. 64.03(a)(2).  We review the trial court=s ruling under a
de novo standard.  Wilson v. State, 185 S.W.3d 481, 484 (Tex. Crim. App.
2006).

In a case with very similar procedural facts, we previously
rejected the argument that a movant for post-conviction DNA testing has a right
either to be present or to cross-examine witnesses at a hearing on the motion. 
Thompson v. State, 123 S.W.3d 781, 784-85 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d) (citing Craven v. State, 95
S.W.3d 506, 509-10 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d)).  Specifically
in regard to the movant=s absence, we stated:








Unlike a criminal trial, a chapter
64 proceeding such as this one does not implicate an appellant=s confrontation‑clause
rights because this type of proceeding does not necessarily involve any
witnesses or accusations against the appellant.  Rather, as set forth in
chapter 64, the proceeding involves a motion made by the applicant followed by
the State=s non‑accusatory response required under the
statute.  This type of proceeding is analogous to a habeas corpus proceeding in
that it is an independent, collateral inquiry into the validity of the
conviction.  Therefore, as in a post‑conviction writ of habeas corpus
proceeding, an applicant for a post‑conviction DNA analysis enjoys
neither a presumption of innocence nor a constitutional right to be present at
a hearing.  Moreover, according to the record, appellant was represented by
appointed counsel at the time of the hearing.  Because it was not fundamentally
unfair for the trial court to hold the post‑conviction hearing in
appellant=s absence when appellant was represented by counsel,
we find no violation of appellant=s due‑process
rights.  Therefore, the trial court did not violate appellant=s federal or state
constitutional rights when it conducted a post‑conviction hearing in
appellant=s absence, if indeed it did so.   

Id.  In regard to
rights of confrontation and cross-examination, we stated that these rights did
not apply in a post-conviction DNA proceeding for the same reasons that the
right to be present did not apply.  Id. at 785.

Here, appellant in essence argues that the Thompson
case was wrongly decided because a post-conviction DNA proceeding is in fact
not analogous to a habeas corpus proceeding.[1] 
Appellant urges that a DNA proceeding does not focus on a collateral matter, as
a habeas corpus proceeding does, but directly involves the issue of guilt or
innocence, as does a hearing on a motion for new trial.  We find appellant=s argument to be
without merit.  As stated in Thompson, a DNA proceeding Adoes not
necessarily involve any witnesses or accusations against the appellant. . . . 
[I]t is an independent, collateral inquiry into the validity of the conviction.@  Id. at
784.  That fact is amply demonstrated in the present case, just as it was in Thompson,
because the State=s response to the motion discusses whether
testable material exists, whether any changes have occurred in testing
techniques, and whether identity was at issue, but does not directly accuse
appellant of anything or attempt to prove that appellant did anything.[2] 
Accordingly, we confirm our reasoning in Thompson.  








Appellant=s four issues are
overruled.    

We affirm the trial court=s order.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed May 24, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant does not cite the Thompson case,
but does cite and attack the First Court of Appeals= Craven decision, on which the analysis in Thompson
was largely based.  See
Thompson, 123
S.W.3d at 784-85 (citing Craven, 95 S.W.3d at 509-10).  The circumstances, arguments, and analyses are
substantially similar in the two cases.





[2]  The State did attach to its response two accusatory
affidavits from 1991, from the complainant and a witness, but it is clear that
these affidavits were used to show that identity was not at issue in the case
not to prove appellant=s guilt.