Affirmed and Memorandum Opinion filed June 24, 2008








Affirmed and Memorandum Opinion filed June 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00975-CR

_______________

 

HUMBERTO LARA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 821151

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








This is an appeal from a
post-conviction DNA hearing.  In 1999, appellant, Humberto Lara, was convicted
of aggravated sexual assault of a child and sentenced to 35 years confinement. 
In  2005, appellant filed a post-conviction motion for DNA testing of evidence
pursuant to chapter 64 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon 2006 & Supp. 2007).  The
State responded and included affidavits attesting that appellant failed to
establish that (1) evidence still exists; and (2) this evidence is in condition
making DNA testing possible.  The trial court denied appellant=s motion.  In his three issues on
appeal, appellant contends that the trial court violated his rights under the
United States Constitution and Texas Constitution by (1) conducting a hearing
on his motion for DNA testing in his absence; and (2) denying him the
opportunity to confront and cross-examine the witnesses against him.  See
U.S. Const. amends. VI, XIV, ' 1; Tex. Const. art. I, ' 10.  We affirm. 

Analysis

A trial court may order DNA testing
under chapter 64 if it finds that (1) the evidence still exists and is in a
condition making DNA testing possible; (2) the evidence has been subjected to a
chain of custody; and (3) identity was or is an issue in the case.  Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1).  Additionally, the movant must establish by
preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing and that the request
for testing is not made to unreasonably delay the sentence.  Id. art.
64.03(a)(2).

In a similar case, this court
rejected arguments that a movant for post-conviction DNA testing has a right to
be present and confront and cross-examine witnesses at a hearing on the
motion.  Thompson v. State, 123 S.W.3d 781, 784-85 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  In regard to the movant=s absence,[1]
we explained:








Unlike a criminal trial, a chapter 64 proceeding such
as this one does not implicate an appellant=s
confrontation‑clause rights because this type of proceeding does not
necessarily involve any witnesses or accusations against the appellant. 
Rather, as set forth in chapter 64, the proceeding involves a motion made by
the applicant followed by the State=s
non‑accusatory response required under the statute.  This type of
proceeding is analogous to a habeas corpus proceeding in that it is an
independent, collateral inquiry into the validity of the conviction. Therefore,
as in a post‑conviction writ of habeas corpus proceeding, an applicant
for a post‑conviction DNA analysis enjoys neither a presumption of
innocence nor a constitutional right to be present at a hearing.  Because it
was not fundamentally unfair for the trial court to hold the post‑conviction
hearing in appellant=s absence when appellant was represented by counsel,
we find no violation of appellant=s
due‑process rights.

 

Id. (citations omitted).  Further, with regard to a
movant=s rights to confrontation and
cross-examination, we stated that these rights did not apply in a
post-conviction DNA proceeding for the same reasons that the right to be
present did not apply.  Id. at 785.  In light of our holding in Thompson,
we reject appellant=s arguments and hold that the trial court did not violate his
federal or state constitutional rights when it conducted a post-conviction
hearing in appellant=s absence, if indeed it did so.  Accordingly, we affirm the
trial court=s judgment.

 

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 24, 2008.

Panel consists of Chief Justice
Hedges, Justice Boyce and Senior Justice Price.*

Do not publish C Tex. R. App. P. 47.2(b).

 

 

 

 









[1]           We note that the trial court=s order addressing appellant=s objections to proceedings and evidence in
post-conviction motion states: AThe Court
further finds that counsel for the State and Movant are present.  The Movant is
also present.@





*           Senior
Justice Frank C. Price sitting by assignment.