Affirmed and Memorandum Opinion filed December 11, 2008








Affirmed and Memorandum Opinion filed December 11, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00774-CR

____________

 

RAYMOND BECERRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 799376

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Raymond Becerra, challenges the trial court=s denial of his
post-conviction motion for DNA testing under Chapter 64 of the Texas Code of
Criminal Procedure.  See Code Crim. Proc. Ann. art. 64.01- 64.05 (Vernon
2006).  In three issues, appellant contends the trial court violated the
Confrontation Clauses of the Texas and United States Constitutions and his
State and federal due process rights by conducting a hearing without appellant
present.  The issues raised by appellant are well settled.  Accordingly, we
affirm the trial court=s order.








Factual and Procedural History

On January 13, 1999, Raymond Becerra, appellant, entered a
plea of Aguilty@ to the offense of
capital murder.  See Tex. Penal Code Ann. ' 19.03 (Vernon
2003).  The judge sentenced appellant to confinement for life in the
Institutional Division of the Texas Department of Criminal Justice.  On August,
14, 2003, appellant, by and through his appointed counsel, filed a
post-conviction motion for DNA testing of evidence pursuant to chapter 64 of
the Texas Code of Criminal Procedure.  See Code Crim. Proc. Ann. art.
64.01- 64.05.  The State responded with an affidavit, demonstrating the DNA
results were unfavorable to appellant.  On September 14, 2007, the trial court
conducted a hearing on appellant=s motion.  Since
the presence of a court reporter was waived for the hearing, it is not clear
from the record whether appellant was present at the hearing.[1] 
The trial court denied appellant=s motion.

In three points of error, appellant contends the trial
court violated his due process rights (1) under the United States Constitution
by conducting a post-conviction DNA hearing in his absence, (2) under the
United States Constitution by denying him the opportunity to confront and
cross-examine the witnesses against him, and (3) under the Texas Constitution
by conducting a post-conviction DNA hearing in his absence and denying him the
opportunity to confront and cross-examine the witnesses against him.  See U.S.
Const. Amends. VI, XIV ' 1; Tex. Const.
art. I, ' 10.

Discussion








In a factually analogous case, we previously rejected the
argument that a movant for post-conviction DNA testing has a right either to be
present or to cross-examine witnesses at a hearing on the motion.  Thompson
v. State, 123 S.W.3d 781, 784-85 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  Specifically in regard to the movant=s absence, we
stated:

Unlike in a criminal trial, a chapter 64 proceeding such as this one
does not implicate an appellant=s confrontation-clause rights because this type of proceeding does not
necessarily involve any witnesses or accusations against the appellant. 
Rather, as set forth in chapter 64, the proceeding involves a motion made by
the appellant followed by the State=s non-accusatory response required under the statute.  This
type of proceeding is analogous to a habeas corpus proceeding in that it is an
independent, collateral inquiry into the validity of the conviction. 
Therefore, as in a post-conviction writ of habeas corpus proceeding, an
applicant for a post-conviction DNA analysis enjoys neither a presumption of
innocence nor a constitutional right to be present at a hearing.  Moreover,
according to the record, appellant was represented by appointed counsel at the
time of the hearing.  Because it was not fundamentally unfair for the trial
court to hold the post-conviction hearing in appellant=s absence when appellant was
represented by counsel, we find no violation of appellant=s due-process rights.  Therefore,
the trial court did not violate appellant=s federal or state constitutional rights when it conducted
a post-conviction hearing in appellant=s absence, if it indeed did so.

 

Id.  In regard to
rights of confrontation and cross-examination, we stated that these rights do
not apply in a post-conviction DNA proceeding for the same reasons that the
right to be present did not apply.  Id. at 785.

Appellant
does not distinguish Thompson from the case at hand, nor does he cite
any authority that would undermine our decision in Thompson.  Thus, we hold
appellant does not have a constitutional right to confront his accusers or be
present at a post-conviction DNA hearing.  See id. at 784-85. 
Accordingly, we overrule appellant=s three issues on
appeal.

 

 

 








Conclusion

Having overruled all of appellant=s issues, we
affirm the order of the trial court.

 

                                                              

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 11, 2008.

Panel consists of
Justices Anderson, Frost, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Although the Court=s order on the motion states appellant was present for the hearing, we
will still address the merits of appellant=s
arguments.





*  Senior Justice J. Harvey Hudson sitting by
assignment.