Affirmed and Memorandum Opinion filed September 17, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00792-CR

_______________

 

DANIEL MIGUEL ALVAREZ, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 912,610 

 

M E M O R A N D U M  O P I N I O N

Appellant, Daniel Miguel Alvarez, challenges the trial court=s denial of his post-conviction
motion for DNA testing.  Finding no reversible error by the trial court, we
affirm.

Background








On June 11, 2002, appellant was indicted for aggravated
robbery.  On November 15, 2002, he pleaded Aguilty@ to the offense charged and was
sentenced to eighteen years= imprisonment.  On September 8, 2006, appellant filed a pro
se request for appointment of counsel to assist him in obtaining an order
for DNA testing.  The court appointed counsel and appellant filed a motion for
post-conviction DNA testing under chapter 64 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. arts. 64.01B64.05 (Vernon 2006 & Supp. 2008).


In the motion and appellant=s supporting affidavit, he asked the
trial court to order the State to conduct DNA testing of evidence containing
biological material discovered during the investigation of the case.  Appellant
claimed that the testing would prove that he had not committed the aggravated
robbery.  In its response, the State argued that it was not in possession of
any evidence containing biological material related to appellant=s case, and attached affidavits to
that effect from the property and evidence records custodian for the Houston
Police Department, the custodian for the crime lab, and the custodian for the
latent print lab.

Prior to the hearing on the motion, appellant objected in
writing to the proceedings and evidence on the grounds that he was denied his
constitutional right to be present during the hearing.  He also argued that, if
based solely on affidavits, the trial court=s decision would deprive him of the
constitutional right to confront and cross-examine witnesses.[1]


           The trial court denied appellant=s objections and motion on June 17,
2008.  The court also issued findings of fact.  In two issues, appellant claims
he was deprived of his federal and state constitutional rights to be present
and confront witnesses at the hearing on the motion.[2]


 








Analysis 

 This court has previously addressed the issues presented
here and determined that a criminal defendant has no constitutional right to be
present and confront and cross-examine witnesses at a hearing on a
post-conviction DNA testing motion.  See Thompson v. State, 123 S.W.3d
781, 785 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  

Article 64.01 of the Texas Code of Criminal Procedure allows
a convicted person to submit a motion for DNA testing to the convicting court.  See
Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2008).  The motion must
be accompanied by a sworn affidavit Acontaining statements of fact in
support of the motion.@  See id.  Upon receipt of the motion, the convicting
court must provide the State=s attorney with a copy and require the State to either (1)
deliver the evidence to the court, or (2) explain why it cannot do so.  See Tex.
Code Crim. Proc. Ann. art. 64.02(a) (Vernon Supp. 2008). 

The court may then order DNA testing upon certain findings
set forth in article 64.03.  See Tex. Code Crim. Proc. Ann. art. 64.03
(Vernon Supp. 2008).  However, nothing in article 64.03 requires the trial
court to conduct an actual hearing in order to determine whether appellant is
entitled to DNA testing.  See Thompson, 123 S.W.3d at 784 (citing Rivera
v. State, 89 S.W.3d 55, 58B59 (Tex. Crim. App. 2002)). 

Unlike a criminal trial, a chapter 64 proceeding does not
implicate an appellant=s federal or state confrontation clause rights because this
type of proceeding does not necessarily involve any witnesses or accusations
against the appellant.  See id.  Rather, the proceeding involves a
motion made by the applicant followed by the State=s non-accusatory response required by
the statute.  See Tex. Code Crim. Proc. Ann. arts. 64.01, 64.02; Thompson,
123 S.W.3d at 784.  








In appellant=s first issue, he argues that the trial court violated his
federal constitutional right to due process and his state constitutional right
to confrontation and cross-examination by conducting a hearing on his
post-conviction DNA testing motion in his absence.  However, this type of
proceeding, like a habeas-corpus proceeding, is an independent, collateral
inquiry into the validity of the conviction.  See Thompson, 123 S.W.3d
at 784 (citing Cravin v. State, 95 S.W.3d 506, 509B10 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d)).  Therefore, as in a
post-conviction habeas-corpus proceeding, an applicant for a post-conviction
DNA analysis does not enjoy a constitutional right to be present at a hearing. 
Id.  We overrule appellant=s first issue.

In his second issue, appellant argues that the trial court
violated his federal constitutional due process right to confrontation and
cross-examination by allowing testimony by affidavit.  Having held that
appellant does not have a constitutional right to be present at the
post-conviction DNA hearing, we hold, for the same reasons noted above, that
appellant does not have the right to confront and cross-examine witnesses.  See
id. at 785.  We overrule appellant=s second issue.  

Conclusion

Accordingly, the judgment of the trial court is affirmed.

 

 

/s/        Kent C. Sullivan

Justice

 

 

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Do Not
Publish C Tex.
R. App. P. 47.2(b).

 

 









[1]           Appellant also objected to the State=s affidavits as inadmissible hearsay.  We do not
address this issue because it has not been adequately briefed.  See Tex.
R. App. P. 38.1(i); Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim.
App. 2000).  





[2]           Although appellant=s brief presents three issues, we address them as two
because we conclude it is unnecessary to address appellant=s arguments regarding his federal and state
constitutional right to be present as separate issues.