COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROY LEE KINNEY, | § | Nos. 08-11-00128-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court #3 |
| STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 0221069D) |
| | § | |

**O P I N I O N**

Roy Lee Kinney ("Kinney") appeals the trial court's denial of his motion for post-conviction DNA testing.   We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1984, Kinney was convicted of aggravated sexual assault and sentenced to 99 years in the Institutional Division of the Texas Department of Criminal Justice, a conviction and sentence upheld by the Fort Worth Court of Appeals in 1985.   *See Kinney v. State*, 02-84-00275-CR (Tex.App.--Fort Worth May 2, 1985, pet. ref'd)(not designated for publication).   In 2002, Kinney moved for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure and moved for appointment of counsel.[1]   In 2005, Kinney's court-appointed counsel obtained an order from the trial court requiring custodians of records he identified who might have DNA evidence, to search for such evidence and provide a report of their findings to him.   In 2010, the State responded to Kinney's motion, arguing that Kinney was not entitled to post-conviction

---

[1] The trial court granted Kinney's request for counsel in 2004.

DNA testing because, as shown by the affidavits produced by the State, the DNA evidence that had existed could no longer be located leaving nothing to test.   Without conducting a hearing, the trial court denied Kinney's motion for post-conviction DNA testing.

## DISCUSSION

In his single issue on appeal, Kinney argues that the trial court violated his federal and state due process rights by failing to hold a hearing wherein he, his counsel, and witnesses could ascertain what had happened to the lost DNA evidence and why two of the affiants executed their affidavits "long before [he] filed his . . . motion."

Kinney did not request a hearing, and even if he had, the trial court was not constitutionally required to hold a hearing pursuant to Article 64.03 of the Texas Code of Criminal Procedure to determine whether Kinney was entitled to post-conviction DNA testing.[2]   *See Ex parte Gutierrez,* 337 S.W.3d 883, 889, 892-94 (Tex.Crim.App. 2011)(concluding that there is no free-standing due-process right to post-conviction DNA testing and that there are no constitutional considerations in a proceeding under Chapter 64 of the Texas Code of Criminal Procedure). Relying on *In the Interest of J.W.T.*, 872 S.W.2d 189 (Tex. 1994) and *County of Dallas v. Wiland*, 216 S.W.3d 344 (Tex. 2007), Kinney contends that he had a fundamental right to a hearing.[3] However, his reliance on these cases is misplaced.

---

[2] Article 64.03 does not require the trial court to conduct an evidentiary hearing.   *See* TEX.CODE CRIM.PROC.ANN. art. 64.03 (West Supp. 2011); *Rivera v. State*, 89 S.W.3d 55, 58-9 (Tex.Crim.App. 2002)(holding that Article 64.03 does not require a hearing).

[3] Citing *Pena v. State*, 226 S.W.3d 634 (Tex.App.--Waco 2007, pet. granted), *rev'd on other grounds*, 285 S.W.3d 459 (Tex.Crim.App. 2009), Kinney also argues that the due course of law provision under the state constitution provides a greater level of protection with respect to lost or destroyed evidence than the due process provision of the federal constitution.   However, Kinney's reliance on *Pena* is misplaced.   *Pena* concerned evidence lost in a criminal trial, not in a proceeding under Chapter 64.   As explained above, the nature and purpose of a proceeding under Chapter 64 is fundamentally different than the nature and purpose of a proceeding in a criminal trial, where adjudication of guilt is the issue.

2

A proceeding under Chapter 64 of the Texas Code of Criminal Procedure is fundamentally different from a civil proceeding concerning the adjudication of parental rights or employment disputes. The purpose of a proceeding under Chapter 64 is not to adjudicate a defendant's guilt, previously determined in a criminal trial, but to provide a procedural vehicle for obtaining exculpatory evidence that might then be used in a state or federal habeas proceeding. *See Ex parte Gutierrez*, 337 S.W.3d at 890 (explaining the purpose of a proceeding under Chapter 64). Precisely because a proceeding under Chapter 64 is not a criminal trial in which adjudication of guilt is at issue, but rather an independent, collateral inquiry into a defendant's conviction, such a proceeding does not implicate the constitutional presumptions and rights a defendant enjoys in a criminal trial. *See id*. at 893-94 (holding that the constitution does not bar a trial court from considering statements in a Chapter 64 proceeding that would otherwise be inadmissible in a criminal trial); *Thompson v. State*, 123 S.W.3d 781, 785 (Tex.App.--Houston [14th Dist.] 2003, pet. ref'd)(holding that unlike in a criminal trial, a defendant does not enjoy a presumption of innocence and does not have a federal or state constitutional right to be present and confront and cross-examine witnesses at a post-conviction DNA hearing).

We hold that the trial court did not violate Kinney's federal and state due process rights by failing to hold an evidentiary hearing under Article 64.03 of the Texas Code of Criminal Procedure to determine whether Kinney was entitled to post-conviction DNA testing.

## CONCLUSION

We affirm the trial court's judgment denying Kinney's motion for post-conviction DNA testing.

3

April 4, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)