COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 ROY LEE KINNEY,
  
                             Appellant,
  
 v.
  
  
 STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 Nos. 08-11-00128-CR
  
 Appeal from the
  
 Criminal
 District Court #3
  
 of Tarrant
 County, Texas 
  
 (TC# 0221069D) 
  
 
 


 

O
P I N I O N

            Roy Lee Kinney (“Kinney”) appeals the trial
court’s denial of his motion for post-conviction DNA testing.  We affirm.

Factual and Procedural Background

            In 1984, Kinney was convicted of aggravated
sexual assault and sentenced to 99 years in the Institutional Division of the Texas
Department of Criminal Justice, a conviction and sentence upheld by the Fort
Worth Court of Appeals in 1985.  See Kinney v. State, 02-84-00275-CR
(Tex.App.--Fort Worth May 2, 1985, pet. ref’d)(not designated for
publication).  In 2002, Kinney moved for post-conviction
DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure and
moved for appointment of counsel.[1]  In 2005, Kinney’s court-appointed counsel obtained
an order from the trial court requiring custodians of records he identified who
might have DNA evidence, to search for such evidence and provide a report of
their findings to him.  In 2010, the
State responded to Kinney’s motion, arguing that Kinney was not entitled to
post-conviction DNA testing because, as shown by the affidavits produced by the
State, the DNA evidence that had existed could no longer be located leaving nothing
to test.  Without conducting a hearing, the
trial court denied Kinney’s motion for post-conviction DNA testing.

DISCUSSION

In his single issue on appeal, Kinney argues
that the trial court violated his federal and state due process rights by
failing to hold a hearing wherein he, his counsel, and witnesses could
ascertain what had happened to the lost DNA evidence and why two of the affiants
executed their affidavits “long before [he] filed his . . . motion.”

Kinney did not request a hearing, and even if
he had, the trial court was not constitutionally required to hold a hearing
pursuant to Article 64.03 of the Texas Code of Criminal Procedure to determine
whether Kinney was entitled to post-conviction DNA testing.[2]  See Ex
parte Gutierrez, 337 S.W.3d 883, 889, 892-94 (Tex.Crim.App. 2011)(concluding
that there is no free-standing due-process right to post-conviction DNA testing
and that there are no constitutional considerations in a proceeding under
Chapter 64 of the Texas Code of Criminal Procedure).  Relying on In the Interest of J.W.T., 872 S.W.2d 189 (Tex. 1994) and County of Dallas v. Wiland, 216 S.W.3d
344 (Tex. 2007), Kinney contends that he had a fundamental right to a hearing.[3]  However, his reliance on these cases is
misplaced.

A proceeding under Chapter 64 of the Texas
Code of Criminal Procedure is fundamentally different from a civil proceeding
concerning the adjudication of parental rights or employment disputes.  The purpose of a proceeding under Chapter 64
is not to adjudicate a defendant’s guilt, previously determined in a criminal
trial, but to provide a procedural vehicle for obtaining exculpatory evidence
that might then be used in a state or federal habeas proceeding.  See Ex
parte Gutierrez, 337 S.W.3d at 890 (explaining the purpose of a proceeding
under Chapter 64).  Precisely because a
proceeding under Chapter 64 is not a criminal trial in which adjudication of
guilt is at issue, but rather an independent, collateral inquiry into a
defendant’s conviction, such a proceeding does not implicate the constitutional
presumptions and rights a defendant enjoys in a criminal trial.  See id.
at 893-94 (holding that the constitution does not bar a trial court from
considering statements in a Chapter 64 proceeding that would otherwise be
inadmissible in a criminal trial); Thompson
v. State, 123 S.W.3d 781, 785 (Tex.App.--Houston [14th Dist.] 2003, pet.
ref’d)(holding that unlike in a criminal trial, a defendant does not enjoy a
presumption of innocence and does not have a federal or state constitutional
right to be present and confront and cross-examine witnesses at a post-conviction DNA hearing).

We hold that the trial court did not violate
Kinney’s federal and state due process rights by failing to hold an evidentiary
hearing under Article 64.03 of the Texas Code of Criminal Procedure to
determine whether Kinney was entitled to post-conviction DNA testing.

CONCLUSION

            We
affirm the trial court’s judgment denying Kinney’s motion for post-conviction DNA testing.

 

 

April 4, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
The trial court granted Kinney’s
request for counsel in 2004.





[2]
Article 64.03 does not require the trial court to conduct an evidentiary
hearing.  See Tex.Code Crim.Proc.Ann. art. 64.03 (West
Supp. 2011); Rivera v. State, 89
S.W.3d 55, 58-9 (Tex.Crim.App. 2002)(holding that Article 64.03 does not
require a hearing).

 





[3]
Citing Pena v. State, 226 S.W.3d 634
(Tex.App.--Waco 2007, pet. granted), rev’d
on other grounds, 285 S.W.3d 459 (Tex.Crim.App. 2009), Kinney also argues
that the due course of law provision under the state constitution provides a
greater level of protection with respect to lost or destroyed evidence than the
due process provision of the federal constitution.  However, Kinney’s reliance on Pena is misplaced.  Pena
concerned evidence lost in a criminal trial, not in a proceeding under Chapter
64.  As explained above, the nature and
purpose of a proceeding under Chapter 64 is fundamentally different than the
nature and purpose of a proceeding in a criminal trial, where adjudication of
guilt is the issue.