

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00052-CR

EDWIN LOUIS AKES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,149, Honorable Dan Mike Bird, Presiding

July 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Edwin Louis Akes was convicted by a jury of the offense of aggravated robbery.[1] Punishment was assessed by the trial court at seventy-five years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[2]

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(3) (West 2018).

[2] On appellant's direct appeal, we have affirmed his conviction. *Akes v. State,* No. 07-17-00402-CR, ___ Tex. App. LEXIS ___ (Tex. App.—Amarillo June 28, 2019, no pet. h.) (mem. op., not designated for publication).

Appellant subsequently filed a motion for DNA testing. The trial court denied that motion and appellant now appeals its denial.

## Background

The record of appellant's DNA motion contains a portion of the testimony from the trial of his aggravated robbery offense. The offense occurred when appellant inflicted injuries on Dan Robinson by beating him with a BB pistol and took Robinson's wallet. A child's baseball bat also was at the scene. Robinson and other witnesses identified appellant as the robber.

After his conviction in October 2017, and represented by appointed counsel, appellant in November 2018 filed a motion pursuant to Chapter 64 of the Code of Criminal Procedure, requesting DNA testing of three items having, he alleged, a reasonable likelihood of containing biological material. The items are the baseball bat, Robinson's wallet, and the BB gun.[3]

The State filed a notice, supported by affidavit, acknowledging that the baseball bat and the BB gun were available for testing, and potentially could contain biological evidence, but stating that the wallet had been returned to Robinson on the date of the offense and was not available for testing.[4] The State also filed a reply to appellant's

---

[3] "A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." TEX. CODE CRIM. PROC. ANN. art. 64.01 (a-1).

[4] Article 64.02 states:

(a) On receipt of the motion, the convicting court shall:

2

motion in which it argued the requirements for testing set out in article 64.03 were not met for the baseball bat and the gun because, among other reasons, appellant's identity as the robber was not at issue in the case. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (setting forth requirements for forensic DNA testing). The court first set a hearing on appellant's motion but later vacated that hearing. It then decided the matter based on the pleadings filed.

## Analysis

Appellant challenges the trial court's denial of his motion for DNA testing through three issues.

## Violation of Constitutional Right to Due Process

In his first two issues, appellant contends the trial court violated his due process rights under both the United States and Texas Constitutions when it denied his motion for DNA testing without holding a hearing.

---

(1) provide the attorney representing the state with a copy of the motion; and

(2) require the attorney representing the state to take one of the following actions in response to the motion not later than the 60th day after the date the motion is served on the attorney representing the state:

(A) deliver the evidence to the court, along with a description of the condition of the evidence; or

(B) explain in writing to the court why the state cannot deliver the evidence to the court.

(b) The convicting court may proceed under Article 64.03 after the response period described by Subsection (a)(2) has expired, regardless of whether the attorney representing the state submitted a response under that subsection.

TEX. CODE CRIM. PROC. ANN. art. 64.02.

3

Appellant acknowledges that article 64.03 does not require the court to hold a hearing before ruling on a motion for testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03. "Article 64.03 does not require any evidentiary hearing before the trial judge decides whether a convicted person is entitled to DNA testing." *Ex parte Gutierrez,* 337 S.W.3d 883, 893 (Tex. Crim. App. 2011). *See also Thompson v. State,* 123 S.W.3d 781, 785 (Tex. App.—Houston [14th Dist.] Dec. 11, 2003, pet. ref'd) (article 64.03 "does not require an evidentiary hearing to determine whether DNA evidence exists"). The court is permitted to make a decision on a motion for forensic DNA testing based on the motion and the State's written response. *Cravin v. State,* 95 S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Appellant nonetheless contends that a statute's failure to provide for a hearing does not override or negate any constitutionally required procedure, which may include a hearing. He argues the trial court's failure to hold a hearing on his motion violated his due process rights under the Fourteenth Amendment even though article 64.03 does not specify the need for a hearing. He further argues the hearing requirement under article 64.04 of the statute shows the necessity of holding a hearing to make the required findings under article 64.03 and to afford to appellant his due process rights.

We cannot agree with appellant's contention. *See Ex parte Gutierrez,* 337 S.W.3d at 889 ("[t]here is no free-standing due-process right to DNA testing") (citing *District Attorney's Office v. Osborne,* 557 U.S. 52, 62 (2009)). In *Gutierrez*, the Court of Criminal Appeals made clear that efforts to obtain DNA testing under Chapter 64 do not involve "constitutional considerations." *Id.* at 892-93. *See also Kinney v. State,* No. 08-11-00128-CR, 2012 Tex. App. LEXIS 2751, at *5 (Tex. App.—El Paso April 4, 2012, pet. ref'd), *cert. denied,* 569 U.S. 960 (2013) (holding trial court did not violate defendant's federal and

4

state due process rights by failing to hold evidentiary hearing under article 64.03 to determine whether the defendant was entitled to post-conviction DNA testing); *Toney v. State*, No. 01-11-00375-CR, 2012 Tex. App. LEXIS 2863, at *13 n.3 (Tex. App.—Houston [1st Dist.] April 12, 2012, no pet) (mem. op., not designated for publication) (discussing *Gutierrez*).

We resolve appellant's first and second issues against him.

Error in Denying Motion for DNA Testing

In his third issue, appellant argues the trial court committed reversible error when it denied his motion for DNA testing.

We review a trial court's decision to deny a motion for post-conviction DNA testing under a bifurcated standard of review. *Rivera v. State,* 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We thus "afford almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues." *Id.* (citing *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). But, "when the trial record and the convicted person's affidavit are the only sources of information supporting the motion, the trial court is in no better position than an appellate court in making the determination, and accordingly, appellate courts review the issues *de novo."* *Aekins v. State,* No. 03-16-00598-CR, 2017 Tex. App. LEXIS 4724, at *16-17 (Tex. App.—Austin May 25, 2017, pet. ref'd) (citing *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) (explaining that because no witnesses were called during hearing on request for DNA testing, appellate court should conduct review *de novo*)).

Appellant's argument on appeal posits that if Robinson's wallet was tested, his DNA would not be found and would "establish that he did not commit 'aggravated robbery' under the facts of this case."[5]  Appellant does not, in this proceeding, challenge the State's response that the wallet was returned to Robinson and is therefore unavailable for testing.

The trial court did not abuse its discretion in denying appellant's motion to test the wallet because appellant did not satisfy article 64.03(a)(1)(A)(ii).[6]  TEX. CODE CRIM. PROC.

---

[5] Appellant's argument focuses only on the potential testing of the victim's wallet and does not address the baseball bat or the BB gun.  He contends "that the absence of his DNA on the victim's 'wallet' would more likely than not cause the jury to return a different verdict (A verdict that Appellant did not rob said victim)."  The record likely explains appellant's focus on the wallet to the exclusion of the bat and the gun.  Exhibits attached to the State's response to appellant's motion for DNA testing describe appellant's conversations after the offense with a detective and with an investigator for the district attorney's office.  *Cf. Gutierrez*, 337 S.W.3d at 892-93 (rejecting challenge to court's consideration of written statements during Chapter 64 proceeding, though statements were inadmissible at criminal trial).  Appellant's version of events told that day admitted his presence at the scene and painted Robinson as the aggressor.  Appellant admitted contact with the gun and the baseball bat but denied seeing Robinson's wallet.

[6] To succeed on his claim, appellant must satisfy the requisites of article 64.03(a).  It provides:

(a) A convicting court may order forensic DNA testing under this chapter only if:

  (1) the court finds that:

  (A) the evidence:

    (i) still exists and is in a condition making DNA testing possible; and

    (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;

  (B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and

  (C) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

ANN. art. 64.03(a)(1)(A)(ii) (setting forth requirement that the requested item has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect); *see also Prible v. State,* 245 S.W.3d 466, 467 (Tex. Crim. App. 2008) (one requirement under article 64.03 is that the defendant show unaltered evidence is available for testing).

We overrule appellant's third issue.

## Conclusion

The trial court did not err in denying appellant's motion for forensic DNA testing. We affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. ANN. art. 64.03(a).