Affirmed and Memorandum Opinion filed August 28, 2008








Affirmed and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00255-CR

_______________

 

MANUEL CUELLAR III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 570380 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Appellant
Manuel Cuellar, III challenges the trial court=s denial of his post-conviction
motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.   In three issues, appellant contends the trial court violated the
Confrontation Clauses of the Texas and United States Constitutions and his
federal due process rights by conducting a Afinal hearing@ without appellant present.  The
issues raised by appellant are well settled;[1]
we therefore issue this memorandum opinion and affirm the trial court=s order.

I.  Background

In 1990,
appellant pleaded Aguilty@ to sexual assault and was sentenced to ten years confinement
in the Texas Department of Criminal Justice, Institutional Division.  In
October 2003, appellant filed a post-conviction motion requesting DNA testing
of any evidence containing biological material in the State=s possession from his 1990
conviction.[2] 

The
State filed a response opposing appellant=s motion on March 8, 2007, with
supporting affidavits that established the Houston Police Department Crime Lab
retained biological material related to appellant=s 1990 offense.  In this motion, the
State asserted that appellant=s identity was not an issue in his felony conviction because
(a) the complainant identified appellant as the person who had sexually
assaulted her; (b) appellant was stopped by police while driving the vehicle
with the complainant in it; and (c) appellant Astated [to police] that the
complainant was very drunk and cooperative and indicated that she wanted to
have sex with [appellant]; however, [appellant] refused [but] claimed that the
complainant willingly had sex with his co-defendant, Terrance.@

On March
8, 2007, the trial court denied appellant=s request for DNA testing.  The court
found that appellant failed to meet the requirement of article 64.03(a)(1) of
the Texas Code of Criminal Procedure, requiring that appellant demonstrate that
identity was or is an issue in the instant case.  Appellant timely filed this
appeal.








II.  Issues Presented

In his
first and second issues, appellant asserts that his federal due process rights
were violated because the trial court found he did not have a right to be
present and confront and cross-examine witnesses at the final hearing on his
post-conviction DNA motion.  In his third issue, appellant contends his state
constitutional right to confrontation and cross-examination was violated
because the trial court found he did not have a right to be present at this
hearing.  We consider appellant=s three issues together.

III.  Analysis

After a
defendant files a motion for post-conviction forensic DNA testing, the trial
court may order DNA testing if, as is relevant here, the court finds that
identity was or is an issue in the case.  Tex.
Code. Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2007).  The
Court of Criminal Appeals has determined that nothing in Chapter 64 requires
the trial court to conduct a hearing to determine whether a defendant is
entitled to DNA testing.[3]  Whitaker
v. State, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004); Rivera v. State,
89 S.W.3d 55, 58B59 (Tex. Crim. App. 2002).  Thus, the trial court is not
required to hold an evidentiary hearing to determine whether to order DNA
testing, but may rely on the motion and the State=s written response, as the trial
court did here.  See Thompson v. State, 123 S.W.3d 781, 784B85 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d); Mearis v. State, 120
S.W.3d 20, 23B24 (Tex. App.CSan Antonio 2003, pet. ref=d); Cravin v. State, 95 S.W.3d
506, 509 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  








Further,
even if appellant were absent at the hearing,[4]
neither the United States nor Texas Constitutions mandate an applicant=s presence at a post-conviction DNA
testing proceeding.   Thompson, 123 S.W.3d at 784B85; Cravin, 95 S.W.3d at 510. 
Instead, this type of proceeding is similar to a habeas corpus proceeding
because it is an independent, collateral inquiry into the validity of a
conviction.  Thompson, 123 S.W.3d at 784.  Thus, like an applicant for
post-conviction writ of habeas corpus, an applicant for a post-conviction DNA
testing such as appellant enjoys neither a presumption of innocence nor a
constitutional right to be present at a hearing.  Id.  And for the same
reasons that appellant has no right to be present at such a hearing, appellant
does not have the right to cross-examine witnesses.  Id. at 785.

Accordingly,
we overrule appellant=s three issues and affirm the trial court=s order.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 28, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]   See Jones
v. State, No. 14-06-00045-CR, 2007 WL
1215569 (Tex. App. Houston [14th Dist.] Apr. 26, 2007, no pet.) (not designated
for publication); Mimms v.State, No. 14-02-01196-CR, 2003 WL 21543499
(Tex. App. Houston [14th Dist.] July 10, 2003, pet. ref=d) (not designated for publication); see also
Coleman v. State, No. 14-02-01197-CR, 2003 WL 22724756 (Tex. App. Houston
[14th Dist.] Nov. 20, 2003, pet. ref=d)
(not designated for publication). 





[2]    The trial
court appointed counsel in August 2003 to represent appellant for the purpose
of pursuing post-conviction DNA testing.





[3]  A hearing is
only required after the trial court examines the results of any DNA
testing.  See Tex.Code. Crim.
Proc. Ann. art. 64.04.  The Code provides that at that time, the
convicting court Ashall hold a hearing and make a finding as to whether
had the results been available during the trial of the offense, it is
reasonably probable that the person would not have been convicted.@  Id.  





[4]  It is unclear
from our record whether appellant was present at the hearing.  An order signed
by the trial court on March 9, 2007 provides:

The Court
further finds that counsel for the State and Movant [appellant] are present.  The
Movant is also present.  The presence of a court reporter has been waived
by counsel[].  The purpose of this hearing is to finally adjudicate in the
trial court all issues concerning the Movant=s
motion for DNA testing of biological materials.  All issues of fact will be
resolved on the basis of affidavits on file with the Court.

(emphasis added).  The trial court=s order denies appellant=s objections to the proceedings, one of which was an objection that
appellant had been denied his right to be present during a critical hearing on
this matter.