**Charles Dean HOOD, Appellant,**

v.

**The STATE of Texas.**

**No. AP–75027.**

Court of Criminal Appeals of Texas.

March 2, 2005.

T. Scott Smith, Sherman, for Appellant.

Jeffrey Garon, Asst. District Attorney, McKinney, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court joined by KELLER, P.J., and PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ.

Charles Dean Hood was convicted of capital murder and was sentenced to death. He filed a motion for forensic DNA testing, which the trial court denied. Hood appeals, arguing that the trial judge erred in various respects. We disagree and affirm the trial court's judgment.

## Facts

In the fall of 1989, [Hood] was living with his boss, Ronald Williamson, and his boss' girlfriend, Tracie Wallace (the two victims in this case). On November 1, 1989, [Hood] was scheduled to report to work at 12:30 p.m. At 11:30 a.m., [Hood]'s boss came home for lunch and found a note allegedly from his girlfriend saying that she had gone jogging. However, Williamson apparently suspected something was wrong since Tracie's name was misspelled on the note. Williamson called the police and told them that he believed that his girlfriend had been abducted. After the police arrived at the victims' house, they found both Williamson and Wallace dead with gunshot wounds to their heads. [Hood]'s fingerprints were found on the "girlfriend's" note, on garbage bags that had covered her dead body, and on documents that had been taken from his boss' safe. [Hood] was also later found to be in possession of several items of Williamson's property.[1]

## Procedural History

Hood filed a motion for DNA testing on May 19, 2004. In it, he requested testing of eight different items: a tan jacket, two pillowcases, a pair of jeans, a T-shirt, a black jacket, a comforter, and a sponge. He attached to his motion an anonymous letter from a "Concerned Citizen" sent to the Collin County District Attorney in May 2003. The letter implies that Hood is innocent of the crime.

The State filed its response and proposed findings on August 23, 2004. The trial judge denied Hood's motion on August 25 and signed the State's proposed

---

**1.** *Hood v. State,* No. 71,167, slip op. at 1 (Tex.Crim.App. Nov. 24, 1993) (not designated for publication).

findings on September 8. The judge made the following findings:

- All eight items exist and are available for testing.
- Identity was an issue in the case.
- Hood must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.
- Testing of the items could not provide results that could exculpate Hood.
- Hood would have been convicted even if evidence of forensic DNA testing had been presented at trial.
- Hood has not met his burden to show that he is seeking genetic testing for any reason other than to delay the execution of his sentence.

Two days later, Hood filed his own proposed findings and notice of appeal.

## Analysis

In his first point of error, Hood argues that the trial judge applied the wrong burden of proof. He complains that the judge required him to establish "by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing." According to Hood, applying this burden of proof required him to "actually establish" that he would not have been convicted. But, Hood argues, he should have been required to prove only a "probability" that he would not have been convicted.

■ Hood's argument fails because he relies on an outdated version of the statute. The former version of Art. 64.03 required a convicted person to establish by a preponderance of the evidence that "a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." [2] But the Legislature amended the statute effective September 1, 2003.[3] The statute now requires a convicted person to establish by a preponderance of the evidence that "the person would not have been convicted if exculpatory results had been obtained through DNA testing." [4] The current statute applies to cases in which the DNA motion was filed after the statute's effective date.[5] Hood's motion was filed May 19, 2004. The trial judge therefore applied the correct statute and the correct burden of proof.

Additionally, Hood is mistaken that this burden of proof requires him "to actually establish" that he would not have been convicted. The statute is clear that the burden of proof is preponderance of the evidence. Hood's first point of error is overruled.

In his second and third points, Hood contends that the trial judge erred in finding that DNA results would not be exculpatory and that he would have been convicted even with DNA testing. Hood claims that the evidence of his fingerprints at the home is not persuasive because he lived at the home. He argues that there was also evidence of unknown fingerprints in the home and that the murder weapon was never found. Hood argues that Andrew "Andy" Yourston, Wallace's former boyfriend, had a motive for killing the two. Additionally, the "concerned citizen" letter suggests that the killer was named "Randy," which is close to "Andy."

---

**2.** Acts 2001, 77th Leg., R.S., ch. 2, § 2, eff. April 5, 2001.

**3.** Acts 2003, 78th Leg., ch. 13, § 3, eff. September 1, 2003.

**4.** Tex.Code Crim. Proc. Art. 64.03(a)(2) (Vernon Supp.2004).

**5.** Acts 2003, 78th Leg., ch. 13, § 8, eff. September 1, 2003.

We reject Hood's argument because the evidence at trial conclusively established Hood's guilt. In addition to the evidence mentioned above, there was evidence that:

- On the morning of the offense, Hood purchased flowers, using Williamson's credit card and wearing the watch that Williamson usually kept locked in his safe.
- When Williamson called 911, he was talking to Hood during the phone call; Hood's voice could be heard responding.
- Four minutes later, when the police responded, Williamson was dead and Hood was no longer on the premises.
- Tracing Williamson's credit card, the police discovered that Hood was en route to Indiana to visit the woman to whom he sent the flowers.
- Hood stopped to cash two of Williamson's business checks that he forged to himself, and to pawn one of Williamson's rings.
- Hood arrived in Indiana in Williamson's car, in which were many other items stolen from Williamson's house.

Even if DNA tests revealed the blood of another individual at the crime scene—even Andrew Yourston—that evidence would at most establish that Hood acted with someone else in committing the crime. Hood's bloody fingerprints were found on the door to the room where Wallace's body was found and on the trashbags in which her body was wrapped. His fingerprints were on the note purportedly left by Wallace. These are not the fingerprints of someone who just happened to be living at the house; these are fingerprints demonstrating involvement in the crime. Hood's voice was on the 911 tape recorded minutes before Williamson's death, and Hood was then nowhere to be found when the police arrived. Hood was later apprehended in Indiana after leaving a trail of purchases with Williamson's credit card and possessing numerous items from the home, including Williamson's car. Hood fails to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. We overrule Hood's second and third points of error.

In his fourth and final point of error, Hood argues that the trial court erred in finding that his only reason for seeking DNA testing was to delay the execution of his sentence. We have already concluded that Hood fails to establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. As a result, he cannot establish that the trial judge erred in denying his motion for DNA testing. We therefore need not decide whether his motion was made to unreasonably delay the execution of his sentence. Hood's fourth point of error is overruled.

## Conclusion

The trial court did not err in denying Hood's motion for forensic DNA testing. We affirm the trial court's order.

MEYERS, J., did not participate.