# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00216-CR

**In re Stewart Hunter**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 94-1618, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In June 1994, Stewart Hunter pleaded guilty to aggravated sexual assault and was sentenced to fifteen years in prison as called for in a plea bargain. In October 2002, he filed a pro se application for forensic DNA testing and an attorney was appointed to represent him. He now appeals from the district court's order denying the request for testing.

We summarize the pertinent facts shown in documents contained in the clerk's record. The assault took place at about 3:30 a.m. on January 30, 1994, in a motel room on South Congress Avenue in Austin. The complainant, who was hearing impaired, lived near the motel. At the hospital later that day, the complainant told the sexual assault nurse examiner that she was taking out her trash when she was approached by a "guy." She could not understand what he was saying, and he asked her to come inside his room "where he could write things." Two other males were asleep in the room. When the first man seized her arm, she screamed and attempted to get help from the other men by pointing at the telephone. The complainant and the assailant struggled, and he succeeded in tearing off her pants and underwear. He punched her twice and choked her. She told

the nurse that she may have "blacked out [for] a few minutes." The assailant "[t]ried to rape her but couldn't get in." He penetrated her with his finger and "then raped her with [his] penis." The complainant finally escaped and went for help.

The State's response to the motion for DNA testing states that Hunter and his companions were arrested at a bus stop near the motel shortly after the assault and identified at the scene by the complainant. An Austin police officer subsequently applied for a search warrant to obtain biological samples from Hunter. The officer's affidavit in support of the warrant application states that the complainant made a positive identification of Hunter shortly after the assault. Two other witnesses to the assault, Chris Broadway and Norman Owens, also identified Hunter as the perpetrator.

Hunter was sixteen years old at the time of the offense. He agreed to be tried in district court and to plead guilty in exchange for the State's promise to recommend a fifteen-year sentence. Eve Thurman, a community supervision officer, interviewed Hunter ten days before he entered his plea. In an affidavit, Thurman stated that Hunter "readily admitted his presence and participation" and did not "attempt to deny his involvement or attempt to redirect the blame on the other males at the scene." Hunter described "striking and fondling the victim and his attempts to engage in sexual intercourse." According to Thurman's affidavit, "Hunter did not try to deny the events leading up to the encounter in the hotel room, nor his actions while in the hotel room, except to deny vaginal penetration, but he did admit digital penetration 'somewhere.'"

The indictment contained multiple counts alleging that Hunter penetrated the complainant vaginally and anally with his finger and his penis. The State waived all the counts except the one alleging penetration of the complainant's sex organ by Hunter's sex organ.

2

In its order denying the motion for DNA testing, the district court found that Hunter pleaded guilty, never denied his involvement or attempted to redirect blame onto the other males present at the assault, and admitted striking and fondling the complainant in an attempt to engage in sexual intercourse. The court concluded that Hunter is not entitled to DNA testing because: (1) identity was and is not an issue in this case, and (2) Hunter failed to prove that a reasonable probability existed that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. *See* Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A) (West Supp. 2005)).[1] We defer to the trial court's findings of historical fact, but conduct a de novo review of its application of the law to these facts. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

In his brief to this Court, Hunter challenges the trial court's conclusion that identity was and is not an issue. He argues that if DNA tests of the vaginal swabs taken during the complainant's physical examination were exculpatory, it would prove that he did not penetrate the complainant with his penis despite his guilty plea and the complainant's identification. *See Smith v. State*, 165 S.W.3d 361, 365 (Tex. Crim. App. 2005). The opinion in *Smith* on which Hunter relies is legally and factually distinguishable from the cause before us. *Smith* was decided under the 2003 amendment to article 64.03(a)(2)(A) that changed the DNA test applicant's burden of proof. *Id*. at 363-64; *see also Hood v. State*, 158 S.W.3d 480, 482 (Tex. Crim. App. 2005). And under the

---

[1] Hunter's motion for forensic DNA testing was filed before the effective date of the 2003 amendments to chapter 64, and is therefore governed by the law in effect at the time the motion was filed. *See* Act of April 25, 2003, 78th Leg., R.S., ch. 13, § 8, 2003 Tex. Gen. Laws 16, 17. Hunter had the burden to show a reasonable probability that exculpatory DNA tests would prove his innocence. *See Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).

evidence in that case, the defendant could not have been guilty as a party but only as the attacker who left the seminal fluid. *Smith*, 165 S.W.3d at 364-65.

Hunter admitted that he was present in the motel room when the assault took place, struck and fondled the complainant, attempted to engage in sexual intercourse with her, and penetrated her with his finger. Given this evidence, the presence of another person's DNA on the vaginal swabs would not constitute affirmative evidence of Hunter's innocence. The evidence would support Hunter's conviction as a party to the aggravated sexual assault by vaginal penetration even if the DNA tests were exculpatory as to him. *See Wilson v. State*, 185 S.W.3d 481, 485 (Tex. Crim. App. 2006) (holding that if DNA testing showed that there was an additional perpetrator, it would have no effect on defendant's guilt as a party); *see also Skinner v. State*, 122 S.W.3d 808, 811 (Tex. Crim. App. 2003). We agree with the trial court's conclusion that Hunter failed to prove that there is a reasonable probability that he would not have been prosecuted or convicted if exculpatory DNA test results had been obtained.

Hunter's point of error is overruled and the order denying forensic DNA testing is affirmed.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed:   October 6, 2006

Do Not Publish

4