Affirmed and Memorandum Opinion filed March 8, 2007








Affirmed and Memorandum Opinion filed March 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00080-CR

____________

 

TRUNG TAN VAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 831,681

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Trung Tan Vay, challenges the trial court=s denial of his
post-conviction motion for DNA testing.  Appellant raises three issues on
appeal.  In his first two issues, appellant contends the trial court erred by
conducting a hearing on his motion in his absence and without live testimony. 
In his third issue, appellant contends the trial court erred in denying his
motion because he presented sufficient evidence to satisfy the statutory
requirements for post-conviction DNA testing.  We affirm.

Factual and Procedural Background

Based on eyewitness testimony by the complainants, a jury
found appellant guilty of burglary of a habitation and assessed punishment at
thirty-five years= confinement, enhanced by one prior
conviction.  The trial court signed its judgment on March 1, 2000.  This court
affirmed the judgment in an unpublished opinion issued March 7, 2002.  See
Vay v. State, No. 14-00-00480-CR, 2002 WL 369934 (Tex. App.CHouston [14th
Dist.] Mar. 7, 2002, pet. ref=d) (not designated for publication).  

On November 29, 2004, appellant, by and through his
appointed counsel, filed a post-conviction motion for DNA testing pursuant to
Chapter 64 of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. arts. 64.01B64.05 (Vernon
2006).  The State responded, attaching affidavits of officials from the
Pasadena Police Department and Harris County District Clerk=s Office.  On
December 21, 2004, the trial court conducted a hearing on appellant=s motion for DNA
testing.[1] 
Appellant was not present at the hearing.  The trial court denied appellant=s motion for
post-conviction DNA testing and issued findings of fact and conclusions of
law.  

Discussion

In three points of error, appellant contends (1) the trial
court violated his due process rights under the Texas Constitution by
conducting a post-conviction DNA hearing in his absence, (2) the trial court
erred in denying appellant=s motion for DNA testing without
conducting an evidentiary hearing with live testimony, and (3) the trial court
erred in denying appellant=s motion for DNA testing because appellant=s motion and
supporting affidavit satisfied the statutory requirements of article 64.03.  








I.        Did the
trial court err by denying appellant=s motion for DNA
testing without conducting an evidentiary hearing with live testimony?

We turn first to appellant=s second point of
error, in which appellant argues the trial court erred in denying his
post-conviction motion for DNA testing without conducting an evidentiary
hearing with live testimony.   The Court of Criminal Appeals has held that
applicants for post-conviction DNA testing are not entitled to an evidentiary
hearing.  Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004)
(holding Chapter 64 of the Code of Criminal Procedure does not require the
trial court to conduct a hearing);  Rivera v. State, 89 S.W.3d
55, 58B59 (Tex. Crim.
App. 2002) (concluding applicants for post-conviction DNA testing pursuant to
article 64.03 are not entitled to an evidentiary hearing with live testimony). 
Appellant=s second point of error is overruled.

II.       Did the
trial court violate appellant=s constitutional
and statutory rights by conducting a post-conviction DNA hearing in his
absence?  

In first point of error, appellant contends that, by
considering the merits of his DNA motion in his absence, the trial court
violated his right to due process under the Texas Constitution and his right to
be present during his felony prosecution pursuant to article 33.03 of the Texas
Code of Criminal Procedure.  See Tex.
Const. art. I, ' 10; Tex.
Code Crim. Proc. Ann. art. 33.03 (Vernon 1989).

In Thompson v. State, 123 S.W.3d 781, 784B85 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d), this court directly addressed the
constitutional issue now raised by appellant and concluded that the state and
federal constitutional rights of an applicant for post-conviction DNA testing
were not violated when the trial court conducted a hearing in his absence.  The
Thompson court further held that an applicant for post-conviction
DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure Aenjoys neither a
presumption of innocence nor a constitutional right to be present at a hearing.@  Id. at
784. 








Appellant=s reliance on article 33.03 of the Texas
Code of Criminal Procedure is also misplaced.  Article 33.03 is based on the
Confrontation Clause and provides that a defendant must be personally present
at trial in all felony prosecutions and in all misdemeanor prosecutions when
the punishment may include a jail sentence.  See  Tex. Code Crim. Proc. Ann. art. 33.03. 
By its plain language, article 33.03 applies to criminal prosecutions.  See
id.  Unlike a criminal prosecution, a post-conviction DNA hearing does not
involve accusations against a criminal defendant.  Cravin v. State, 95
S.W.3d 506, 510 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  Therefore,
appellant does not have a right to confront his accusers at a post-conviction
DNA hearing because it is a proceeding initiated by appellant himself.  See
id. (holding applicant=s exclusion from post-conviction DNA
hearing did not implicate his rights under the Confrontation Clause); Davis
v. State, No. 14-02-00741-CR, 2003 WL 22019581, at *1 (Tex. App.CHouston [14th
Dist.] Aug. 28, 2003, pet. ref=d) (mem. op., not designated for
publication) (holding article 33.03 of the Texas Code of Criminal Procedure
does not apply to post-conviction DNA proceedings).

Neither article 33.03 of the Texas Code of Criminal
Procedure nor Article I, Section 10 of the Texas Constitution grant appellant
the right to a hearing, or the right to be present at a hearing, concerning his
motion for post-conviction DNA testing.  See Thompson, 123 S.W.3d at 784B85; Cravin,
95 S.W.3d at 510.  Accordingly, appellant=s first point of
error is overruled.

III.      Did the
trial court err by denying appellant=s motion for DNA
testing?








In his third point of error, appellant contends the trial
court=s denial of his
motion for post-conviction DNA testing was erroneous because he satisfied the
elements of article 64.03 of the Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 64.03.[2] 
The State argues the trial court correctly denied appellant=s motion because
appellant failed to identify any evidence containing biological material which
could produce exculpatory results if subjected to DNA testing, and appellant
failed to meet his burden of establishing the existence of a reasonable
probability that he would not have been convicted if exculpatory results had
been obtained through DNA testing.  

In reviewing a trial court=s decision
regarding DNA testing, we employ a bifurcated standard of review.  Rivera,
89 S.W.3d at 59 (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997)).  We afford almost total deference to a trial court=s determination of
issues of historical fact and application-of-law-to-fact issues that turn on
credibility and demeanor, while we review de novo other
application-of-law-to-fact issues.  Id. 

Under Chapter 64, a Aconvicted person
may submit to the convicting court a motion for DNA testing of evidence
containing biological material.  The motion must be accompanied by an
affidavit, sworn to by the convicted person, containing statements of fact in
support of the motion.@  Tex.
Code Crim. Proc. Ann. art. 64.01(a).  The convicting court shall order
forensic DNA testing when it finds, inter alia, that (1) Aevidence still
exists and is in a condition making DNA testing possible,@ and (2) Athe convicted
person establishes by a preponderance of the evidence that . . . the person
would not have been convicted if exculpatory results had been obtained through
DNA testing.@  Id. art. 64.03(a)(1)B(2), (c); Hood
v. State, 158 S.W.3d 480, 482 (Tex. Crim. App. 2005). 

In his motion for DNA testing, appellant requested Athat all physical
evidence in these cases [sic] be tested through forensic DNA testing and
compared to the DNA of the Defendant to show proof that the Defendant is
excluded as the actual assailant in this case.@  Appellant=s motion fails to
identify any specific items of evidence containing biological material. 
Appellant=s motion further provides:








Defendant believes that any and all DNA tests, if administered
properly, will exclude him as the actual assailant since he is innocent.  Since
these DNA will exclude him as the actual assailant since he is innocent [sic]. 
Since these DNA will show an exclusion of the Defendant, there exists a
reasonable probability that the Defendant, would not have been prosecuted or a
conviction would not have occurred, had the exculpatory results been obtained
through DNA testing. 

Appellant=s supporting affidavit contains no
statements of fact in support of his motion.  See Tex. Code Crim. Proc. Ann. art.
64.01(a) (requiring motion for DNA testing to be Aaccompanied by an
affidavit, sworn to by the convicted person, containing statements of fact in
support of the motion@).  In his affidavit, appellant testified:
AI have read the
foregoing Motion for Post-Conviction DNA Testing.  Each and every factual
allegation contained therein is true and correct to my own personal knowledge,
or through official records which I have read.@ 

In its response to appellant=s motion for DNA
testing,[3]
the State argued that appellant failed to carry his burden of establishing Aa reasonable
probability exists that he would not have been convicted for this offense if
exculpatory results had been obtained through DNA from the available physical
evidence.@ 

The trial court denied appellant=s motion and
issued findings of fact and conclusions of law.  In its findings of fact, the
trial court found, inter alia, Athat [appellant] fails to show by a
preponderance of the evidence that a reasonable probability exists that
[appellant] would not have been convicted if exculpatory results had been
obtained through DNA testing,@ and A[appellant] fails
to meet the requirement of Article 64.03(a)(2) of the Texas Code of Criminal
Procedure concerning his burden of proof.@ 

In his appellate brief, appellant argues, without citing
any authority, that 








the fact that no prior DNA testing has been requested nor [sic]
conducted in this case leads to an adverse inference against the State, that
proper DNA analysis of which would have exonerated Appellant by showing there
was no DNA of the Appellant in or on any of the items taken or tagged as
evidence in this case and that therefore he is innocense [sic], and that any
DNA found came from some other person.  

Contrary to appellant=s claim, the law
provides no such inference.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(2)[4]
(requiring applicant to establish by a preponderance of the evidence that he
would not have been convicted if exculpatory results had been obtained through
DNA testing); Hood, 158 S.W.3d at 483 (holding applicant for DNA testing
failed to meet his burden under article 64.03(a)(2) where evidence of another
person=s DNA, if
discovered, Awould at most establish that [the applicant] acted
with someone else in committing the crime@).  

Appellant was convicted of burglarizing the home of the
complainant, William Selva.  Vay, 2002 WL 369934, at * 1.  The
complainant and his wife arrived at their home and saw appellant=s truck parked in
the driveway.  Id.  The complainant went inside to investigate and saw
appellant standing six to ten feet away from him.  Id.  The complainant
stepped back outside to inform his wife that someone was in their house.  Id. 
Shortly thereafter, appellant emerged from the house, looked at both the
complainant and his wife, got into his vehicle and drove away.  Id.  A
short time later, appellant was stopped by the police approximately two miles
away from the complainant=s residence.  Id.  The complainant
was taken to the scene of the traffic stop, where he positively identified
appellant=s vehicle as the one he had seen in his driveway and
identified appellant as the same man he encountered moments earlier in his
home.  Id.  At trial, both the complainant and his wife positively
identified appellant as the burglar.  Id.  

 








To satisfy his burden under article 64.03(a)(2), appellant
was required to show how the results of DNA testing would affect his
conviction.  See Wilson v. State, 185 S.W.3d 481, 485B86 (Tex. Crim.
App. 2006) (holding applicant failed to satisfy the requirements of article
64.03(a)(2) because he did not explain how the presence of a third party=s DNA would affect
his conviction and sentence).  Neither appellant=s brief nor his
motion for DNA testing demonstrate how the results of DNA testing could prove
his innocence.  Therefore, appellant has failed to establish by a preponderance
of the evidence that he would not have been convicted if exculpatory results
had been obtained through DNA testing.  Accordingly, the  trial court did not
err in denying appellant=s motion for post-conviction DNA testing. 
Appellant=s third issue is overruled.  

Conclusion

Having
considered and overruled each of appellant=s three issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed March 8, 2007.

Panel consists of Justices Yates,
Anderson, and Hudson.                       

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  It is unclear from the record whether the trial
court conducted a hearing in open court.  The appellate record does not include
a reporter=s record from the December 21, 2004 hearing.  However,
findings of fact signed by the trial court on January 5, 2005 include a finding
that A[o]n December 21, 2004, the trial court conducted a
hearing concerning Applicant=s Chapter 64
request, denied Applicant=s motion for DNA testing, and adopted the State=s proposed findings of fact and conclusions of law
related to the Chapter 64 proceeding.@   





[2]  Article 64.03 was amended in 2003.  See Acts
2003, 78th Leg., ch. 13, ' 3, eff. September 1, 2003.  The legislature expressly
provided that the amended version of article 64.03 applies to Aa convicted person who on or after the effective date
[Sept. 1, 2003] of this Act submits a motion for forensic DNA testing of
evidence . . . .@ See Acts
2003, 78th Leg., ch. 13, ' 8, eff. September 1, 2003.  Appellant=s motion for DNA testing was filed on November 29,
2004, a date after the effective date of the 2003 amendment.  Therefore, the
amended version of article 64.03 applies to appellant=s motion.  See id.





[3]  On December 17, 2004, the State filed AState=s Motion
Requesting the Denial of DNA Testing.@





[4]  An applicant for post-conviction DNA testing must
satisfy the requirements of article 64.03(a)(2), which provides: 

(2) the convicted person establishes by a
preponderance of the evidence that:

(A) the person would not have been convicted if
exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not
made to unreasonably delay the execution of sentence or administration of
justice.

Tex. Code
Crim. Proc. Ann. art.
64.03(a)(2).