COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-318-CR

 

 

ANTONIO M. LACY                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                           I.
Introduction

In one point, Appellant Antonio M. Lacy appeals
the trial court=s denial of his motion for DNA
testing.  We affirm.








                              II.
Factual and Procedural History

In 1991, a jury convicted Lacy of murder and
assessed his punishment at confinement for life.[2]  In 2005, Lacy filed a motion for forensic DNA
testing, and the trial court appointed counsel for him.  In 2008, the State filed its response and
proposed findings of fact and conclusions of law.  The State also filed two affidavits from the
Fort Worth Police Department property and records custodians, indicating that
the Property Room no longer possessed any evidence relating to this cause but
that the Forensics Division had the following items:  (a) fingernails, (b) blood, and (c) pulled
scalp hair.  The trial court adopted all
of the State=s proposed findings and
conclusions and denied Lacy=s
motion.

The trial court adopted the following fact
findings: 

1. Evidence exists that
might contain biological material.

 

. . . .

 

8. The murder occurred at
a dry cleaners.

 

9. Two boys testified
that they saw [Lacy] running away from the dry cleaners around the time of the
murder carrying something that looked like a knife wrapped in material.

 








10. Three witnesses
testified that [Lacy] admitted to them that he had murdered someone.

 

11. [Lacy] told two of
the witnesses that the murder occurred at a dry cleaners.

 

. . . .

 

13. There was testimony
from a witness that [Lacy] came to his house and he was out of breath and
sweaty holding a bloody knife on the day of the murder.

 

. . . .

 

15. One witness did not
recall any marks or scars on the attacker.

 

16. There was no evidence
that the assailant was injured during the attack on the sixty-one year-old
victim.

 

. . . .

 

18. The victim Awas covered with blood.@

 

. . . . 

 

20. The victim sustained Anine stab wounds[,]@ Anine cut wounds[,]@ Amultiple abrasions[,]@ and a Alaceration.@

 

21. There is no evidence
that the blood collected by law enforcement belonged to anyone other than the
victim.

 

22. There is no evidence
that the blood collected belonged to the victim=s attacker.

 

23. The absence of [Lacy=s] DNA would not prove
that he did not commit the offense. 

 

24. The victim had
defensive wounds consistent with Aput[ting] up . . . her arms in a defensive
posture.@








25. The victim sustained
the following defensive wounds: (1) a stab wound to the hand, (2) a stab wound
to her Adistal left forearm,@ (3) a cut wound to the Adorsal surface of the
right forearm,@ (4) cut wound to the
thumb.

 

26. Dr. Peerwani
[then-chief medical examiner for Tarrant, Parker, and Denton Counties, who
performed the autopsy on the victim] concluded that Ashe put up a defensive
posture and sustained those defensive wounds on the back of the hand and arm@ in Aan attempt to ward off
blows.@

 

27. There is no evidence
that the victim fought back.

 

28. There is no evidence
that the victim scratched her assailant.

 

29. The evidence is
consistent with the sixty-one year-old victim only putting up her arms in front
of her body to protect her torso and face from the repeated knife attack.

 

30. There is no evidence
that the assailant=s DNA would be present
under the victim=s fingernails.

 

31. The absence of [Lacy=s] DNA under the victim=s fingernails would not
prove that [Lacy] did not commit the offense.

 

[Internal citations omitted.]

The
trial court did not find that identity was in issue.  It adopted the following conclusions of law: 

 

. . . .

 

4. There is overwhelming
evidence to support [Lacy=s] guilt. 

 

. . . .

 

8. Absence of [Lacy=s] DNA in the victim=s fingernail evidence
would not prove [Lacy=s] innocence.








9. [Lacy] has failed to
show that Athere is a 51% chance
that@ he would not have been
convicted;

 

10. [Lacy] is unable to
prove by a preponderance of the evidence that he would not have been convicted
had exculpatory results been obtained through additional DNA testing. 

 

11. This Court DENIES
[Lacy=s] motion for DNA
testing.

 

[Internal citations
omitted.]  This appeal followed.

 

                                           III.
Discussion

A. Standard of Review

We employ a bifurcated standard of review to a
trial court=s decision to deny a motion for
DNA testing, affording almost total deference to the trial court=s
determination of issues of historical fact and application-of-law-to-fact
issues that turn on credibility and demeanor and reviewing de novo other
application-of-law-to-fact issues.  Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).








A court must order DNA testing only if the
statutory preconditions are met.  Bell
v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).  Here, the trial court found that evidence
existed that might contain biological material. 
See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon
Supp. 2008).  But the trial court still
had to find the following other relevant statutory preconditions met before it
could order forensic DNA testing:  (1)
that identity was an issue in the case; and (2) that Lacy established by a
preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing.  Id. art. 64.03(a)(1)(B), (2).  In making this determination, the trial court
had to obey the following restriction:

A convicted person who .
. . whether before or after conviction, made a confession or similar admission
in the case may submit a motion under this chapter, and the convicting court is
prohibited from finding that identity was not an issue in the case solely on
the basis of that . . . admission, as applicable.

 

Id. art. 64.03(b).

 

B. Analysis 








In his sole issue, Lacy argues that the trial
court abused its discretion by denying his motion for DNA testing because it
considered his admissions.  However,
although the record reflects that the trial court considered Lacy=s
admissions, this did not violate article 64.03(b) because the statute only
prohibits the trial court from finding that identity was not an issue in the
case Asolely on the
basis of@
admissions.  Id. (emphasis
added).  The trial court=s
findings show that it considered evidence other than Lacy=s
admissions, and it actually based its conclusion that Lacy=s motion
should be denied upon Lacy=s
failure to meet his burden of proof under article 64.03(a)(2).  See Hood v. State, 158 S.W.3d 480, 482B83 (Tex.
Crim. App.) (rejecting appellant=s
argument that the trial court erred by finding that DNA results would not be
exculpatory because the evidence at trial conclusively established appellant=s
guilt), cert. denied, 545 U.S. 1146 (2005).  Based on our review of the trial court=s
findings of historical fact, we cannot say that the trial court erred in
arriving at this conclusion.  Therefore,
we overrule Lacy=s sole issue.

                                          IV.
Conclusion

Having overruled Lacy=s sole
issue, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]This court affirmed Lacy=s conviction on appeal.  See Lacy v. State, No. 02-91-00236-CR
(Tex. App.BFort Worth Feb. 3, 1993,
pet. ref=d) (not designated for
publication).