Affirmed
and Memorandum Opinion filed September 29, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00580-CR

____________

 

DARIUS DURON ELAM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 380350

 



 

M E M O R A N D U M   O P I N I O N

Appellant Darius Duron Elam was convicted
of aggravated robbery and sentenced to life imprisonment.  In his sole issue,
he appeals the trial court=s denial of his motion for post-conviction
DNA testing.  We affirm.








In May of 1983, Richard Bowen was found in
his car, dead from a gunshot wound to the head.  A sheet of paper with
appellant=s fingerprint on it was later found inside the car. 
Appellant was arrested after he and another man made purchases with the
complainant=s credit cards.  After he was placed in jail,
appellant admitted to two cell mates that he and a partner obtained the credit
cards from a man they had abducted and robbed. He also admitted they had taken
the man to a parking lot or somewhere Aon Rice@ and that he had
shot the man in the head.  Later, appellant admitted to another cell mate that
had abducted a man at gunpoint and was arrested for using the man=s credit cards. 
According to the cell mate, appellant showed him newspaper clippings regarding
the incident, said he and a friend had robbed the man mentioned in the
clippings, and asked if the cell mate knew anything about a murder at Rice
University.  In 1984, appellant was convicted of aggravated robbery and
sentenced to life imprisonment.

In 2007, appellant filed a motion seeking
post-conviction DNA testing and fingerprint testing of State=s exhibit 30, the
sheet of paper with appellant=s fingerprint on it that was found in the
complainant=s car.  In response, the State presented the affidavit
of an exhibits clerk with the Harris County District Clerk=s Office stating
that State=s exhibit 30 was destroyed in 1995.  However, the
State also presented evidence that several items were in the possession of the
Houston Police Department=s property room, including a fired bullet,
a A32 Cal. Clerke 1st
Pr.,@ an AME container,@ shoes, clothing,
paint scrapings, fingernail clippings, hair samples, a plastic bag with broken
blood vial swabs, and two APlastic Bag[s] marked Blood Type
Substance.@

In 2008, appellant filed an amended
petition.  In those pleadings, appellant sought post-conviction DNA testing of
the above items identified in the State=s response.  The
trial court denied appellant=s request for post-conviction DNA testing,
finding in part that (1) appellant failed to allege sufficient facts to show
that the remaining evidence could be subjected to DNA testing that would
produce exculpatory results and (2) appellant failed to establish by a
preponderance of the evidence that he would not have been convicted if DNA
testing of the remaining biological evidence yielded exculpatory results.  This
appeal followed.








We review a trial court=s denial of a
request for post-conviction DNA testing under a bifurcated standard.  See
Esparza v. State, 282 S.W.3d 913, 921 (Tex. Crim. App. 2009).  We defer to
a trial judge=s findings of fact when they are supported by the
record.  Id.  We also defer to a trial judge=s application of
law to fact questions that turn on credibility and demeanor.  Id. 
However, we review pure legal issues de novo.  Id.








Under article 64.03(a)(2)(A) of the Texas
Code of Criminal Procedure, a convicted person seeking DNA testing must show,
among other things, that by a preponderance of the evidence, Athe person would
not have been convicted if exculpatory results had been obtained through DNA
testing.@  Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A) (Vernon Supp. 2008).  Appellant has failed to meet that burden
here given the inculpatory evidence admitted at trial.  See Prible v. State,
245 S.W.3d 466, 470 & n.3 (Tex. Crim. App. 2008) (stating that even if DNA
testing showed the presence of another person=s DNA, defendant
failed to prove by a preponderance of the evidence that he would not have been
convicted given the evidence presented at trial) (citing Prible v. State,
175 S.W.3d 724, 726B29 (Tex. Crim. App. 2005) (discussing the
inculpatory evidence from Prible=s trial, including
the evidence that he was present at the victims= home on the night
of the murder, that his semen was found in one victim=s mouth, and that
he confessed to a fellow inmate)); Hood v. State, 158 S.W.3d 480, 481B83 (Tex. Crim.
App. 2005) (holding that even if DNA testing showed presence of another person
at the crime scene, defendant failed to establish by a preponderance of the
evidence that he would have been acquitted on that basis given that defendant=s bloody
fingerprints were found at the scene and showed his involvement in the crime;
DNA evidence would at most establish that defendant acted with someone else in
committing the crime); Jacobs v. State, 115 S.W.3d 108, 113 (Tex. App.CTexarkana 2003,
pet. ref=d) (holding that
even if DNA testing revealed that hair samples came from a third party, that
evidence would Amerely muddy the waters by demonstrating
that a third party had, at some point in time . . . been inside@ the complainant=s vehicle).  Here,
expert testimony established that appellant=s fingerprint was
found on a piece of paper in the complainant=s car.  Three of
appellant=s cell mates testified that appellant admitted
committing a robbery with a partner, shooting the victim in the head, and being
arrested using the credit cards obtained from the robbery. Because the evidence
showed that appellant acted with another person, appellant has failed to show
by a preponderance of the evidence that he would not have been convicted if DNA
testing showed the presence of another person at the crime scene.  See
Prible v. State, 175 S.W.3d 724, 728B30 (Tex. Crim.
App. 2005); Hood, 158 S.W.3d at 481B83; Jacobs,
115 S.W.3d at 113.  Therefore, the trial court did not err in denying appellant=s request for DNA
testing.  We overrule appellant=s sole issue.

Having overruled appellant=s sole issue, we
affirm the trial court=s order.

 

 

 

 

/s/      Leslie
B. Yates

Justice

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).