COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-111-CR

 

 

DAMIEN DEMARQUIS HUCKABY                                                      APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------       

                                               I.
 Introduction                  

In
two points, Appellant Damien Demarquis Huckaby appeals the trial court=s
denial of his post-conviction motion for forensic DNA testing.  We will affirm.








                                    II. Procedural Background

On
July 13, 2001, a jury found Huckaby guilty of aggravated kidnapping and
assessed his punishment at life imprisonment.[2]  The trial court sentenced him
accordingly.  Huckaby appealed to this
court, and we affirmed his conviction on May 29, 2003.  See Huckaby v. State, No. 02‑01‑00301‑CR,
2003 WL 21235588, at *12 (Tex. App.CFort
Worth May 29, 2003, pet. ref=d)
(not designated for publication).

In
October of 2008, Huckaby filed with the trial court a motion for forensic DNA
testing that is the subject of this appeal. 
Huckaby requested that two pieces of fabric from a couch in Sergeant
Parker=s
apartment and two pieces of a sweater found in Huckaby=s
trunk be retested.  Previous DNA testing
of these items revealed that DNA found on the couch and the sweater matched
that of Huckaby and Sergeant Parker. 
After the State requested and received notice from the Southwestern
Institute of Forensic Sciences (SWIFS) in Dallas that the evidence at issue
still existed and was available for testing, the State filed a response to
Huckaby=s
motion, urging the trial court to deny it. 
Without holding a hearing, the trial court denied Huckaby=s
motion on March 26, 2009.  Huckaby
perfected this appeal.








III.  DNA Testing under Chapter 64

A
convicted person who moves for post‑conviction DNA testing bears the
burden of satisfying the requirements of chapter 64 of the code of criminal
procedure.  See Wilson v. State,
185 S.W.3d 481, 484 (Tex. Crim. App. 2006). 
Under chapter 64, a convicted person may request post-conviction DNA
testing of evidence that was previously subjected to DNA testing if that
previously-tested evidence Acan
be subjected to testing with newer testing techniques that provide a reasonable
likelihood of results that are more accurate and probative than the results of
the previous test.@  Tex. Code Crim. Proc. Ann. art. 64.01(b)(2)
(Vernon Supp. 2009). 

If
the evidence meets the criteria of article 64.01, then a court must order DNA
testing, but only if the appellant also satisfies other statutory predicates,
including a showing by a preponderance of the evidence that he would not have
been convicted if exculpatory results had been obtained through DNA testing. See
id. art. 64.03(a)(2)(A) (Vernon Supp. 2009); Leal v. State, 303
S.W.3d 292, 295 (Tex. Crim. App. 2009). 
An appellant must also show that identity was or is at issue in the
case.  Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(B); Wilson, 185 S.W.3d at 484.

When,
as here, the trial court denies a motion for post‑conviction DNA testing
without conducting a hearing, we review the ruling de novo.  Smith v. State, 165 S.W.3d 361, 363
(Tex. Crim. App. 2005).








IV.  Hearing on Motion for DNA Testing Not Required

Huckaby
argues in his first point that the trial court erred by denying an evidentiary
hearing on his motion for DNA testing because contested fact issues exist
regarding the manner in which the evidence at issue was discovered and
delivered to and picked up from SWIFS.  

But A[n]othing
in Article 64.03 requires a hearing of any sort concerning the trial court=s
determination of whether a defendant is entitled to DNA testing.@  Rivera v. State, 89 S.W.3d 55, 58B59
(Tex. Crim. App. 2002); see also Jones v. State, 161 S.W.3d 685, 689
(Tex. App.CFort
Worth 2005, pet. ref=d) (noting that trial court
is not required to hold hearing when ruling on motion for DNA testing, although
court shall hold hearing when examining the results of testing).[3]  Consequently, we hold that the trial court
did not err by not conducting a hearing on Huckaby=s
motion for forensic DNA testing before denying the motion, and we overrule
Huckaby=s
first point.

V.  Denial of
Motion for DNA Testing not Erroneous








Huckaby
argues in his second point that the trial court erred by denying his motion for
DNA testing.  He argues that he has
established that identity was at issue in his case because he claims that no
physical evidence connected him to the kidnapping and because he Avigorously
denied that he participated in the kidnapping.@  He also argues that he has established by a
preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing of the sweater and
couch samples. 

Article
64.03(a)(2)(A) requires a convicted person to establish by a preponderance of
the evidence that he would not have been convicted if exculpatory results had
been obtained through DNA testing.  Tex.
Code Crim. Proc. Ann. art. 64.03(a)(2)(A). 
The court of criminal appeals has interpreted this phrase to mean a Agreater
than 50% chance that he would not have been convicted if DNA testing provided
exculpatory results.@  Prible v. State, 245 S.W.3d 466, 470
(Tex. Crim. App.), cert. denied, 129 S. Ct. 54 (2008). A>[I]f
DNA testing would not determine the identity of the person who committed the
offense or would not exculpate the accused, then the requirement of Art.
64.03(a)(2)(A) has not been met.=@  Leal, 303 S.W.3d at 296 (quoting Prible,
245 S.W.3d at 470).  A[A]
movant does not satisfy his burden under Article 64.03 if the record contains
other substantial evidence of guilt independent of that for which the movant
seeks DNA testing.@  Swearingen v. State, 303 S.W.3d 728,
736 (Tex. Crim. App. 2010); see Wilson, 185 S.W.3d at 485B86.








Here,
in determining whether Huckaby has satisfied article 64.03(a)(2)(A), the
question is whether Huckaby has established a Agreater
than 50% chance@ that he would not have been
convicted of kidnapping if results of further DNA testing of the sweater found
in the trunk of his car and of the couch samples taken from Sergeant Parker=s
apartment showed that DNA on those items did not belong to him.  Prible, 245 S.W.3d at 470.  Huckaby has failed to meet that burden given
the inculpatory evidence admitted at trial. 
See id. (stating that even if DNA testing showed the presence of
another person=s
DNA, defendant failed to prove by a preponderance of the evidence that he would
not have been convicted given the evidence presented at trial); Hood v.
State, 158 S.W.3d 480, 483 (Tex. Crim. App.) (holding that, given other
inculpatory evidence at trial, A[e]ven
if DNA tests revealed blood of another individual at the crime scene . . . that
evidence would at most establish that Hood acted with someone else in
committing the crime@), cert. denied, 545
U.S. 1146 (2005).  








At
trial, one of Huckaby=s co-conspirators testified
about the details of the kidnapping, including how Huckaby had made suggestions
about how they should go about kidnapping and murdering Sergeant Parker.  Other evidence at trial demonstrated that
Huckaby was seen arguing with Sergeant Parker a few days before the kidnapping;
during the argument, Huckaby told Sergeant Parker, APlaying
all of these kiddie games and stuff with each other, sneaking around.  If we were back in the >hood,
I would have done capped your ass.@  Acquaintances of Huckaby=s
testified that they had seen him and his co-conspirators on the day of Sergeant
Parker=s
kidnapping and that they were in Huckaby=s
car.  A search of the trunk of Huckaby=s
car revealed not just the sweater Huckaby seeks new DNA testing on but also a
piece of green ribbon similar to the one used to tie up Sergeant Parker and a
piece of weather stripping that tested positive for blood matching Sergeant
Parker=s
DNA profile.








Moreover,
because the evidence at trial demonstrated that several other individuals
committed the kidnapping with Huckaby, evidence that Huckaby was not the donor
of the DNA on the sweater and couch samples would not exculpate Huckaby.  See Prible, 245 S.W.3d at 470; Hood,
158 S.W.3d at 481B83; Jacobs v.
State, 115 S.W.3d 108, 113 (Tex. App.CTexarkana
2003, pet. ref=d)
(holding DNA testing of hair in tractor truck would A>merely
muddy the waters= by demonstrating that a
third party had, at some point in time . . .  been inside . . . the tractor truck@); see
also Bell v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (considering
appellant=s
due process claim and reasoning that, without more, the presence of another
person=s
DNA at the crime scene will not constitute affirmative evidence of appellant=s
innocence).  In other words, if the
sweater and couch samples were retested and the results showed DNA not
belonging to Huckaby, this would only establish that someone else, such as one
of the other co-conspirators, had been in contact with the sweater and with
Sergeant Parker=s couch; it would not,
however, establish Huckaby=s
innocence by a preponderance of the evidence. 
See Prible, 245 S.W.3d at 470; see also Willis
v. State, No. 02-06-00091-CR, 2008 WL 2780666, at *3 (Tex. App.CFort
Worth July 17, 2008, pet. ref=d)
(mem. op., not designated for publication) (op. on remand) (holding that DNA
results excluding appellant as donor Awould
not establish his innocence because the donor of the material is not
necessarily the personCor Alone
attacker@Cultimately
responsible for [the murder]@).

We
hold that Huckaby has failed to show by a preponderance of the evidence that he
would not have been convicted if further DNA testing of the sweater and couch
samples at issue showed that they did not contain DNA matching his and Sergeant
Parker=s or
contained additional persons=
DNA.  See Tex. Code Crim. Proc.
Ann. art. 64.03(a)(2)(A).  Consequently,
we hold that the trial court did not err by denying Huckaby=s
post-conviction motion for DNA testing, and we overrule Huckaby=s
second point.

VI.  Conclusion

Having
overruled Huckaby=s two points, we affirm the
trial court=s
order.

 

SUE WALKER

JUSTICE

 

PANEL:
GARDNER, WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
May 27, 2010











[1]See Tex. R. App. P. 47.4.





[2]Evidence at Huckaby=s trial showed that
he and several other individuals attacked Sergeant Elihue Parker at Sergeant
Parker=s apartment, tied him
up with green ribbon, put him in the trunk of Huckaby=s car, and drove him
to East Texas.  Sergeant Parker=s tied-up body was
found in a river in East Texas; autopsy results showed that he had died of a
gunshot wound to the chest.





[3]Although Huckaby
urges us to alter this requirement so that hearings are required before a trial
court may deny a request for forensic DNA testing, such an alteration of the
statute is a matter for the legislature, not for this court.