02-10-560-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00560-CR

 

 


 
 
 Darrell Wyane Phillips a/k/a Darrell Wayne Phillips
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

In a
single point, Appellant Darrell Wyane Phillips a/k/a Darrell Wayne Phillips
appeals the denial of his post-conviction request for forensic DNA testing.  We
will affirm. 

II.  Factual
and Procedural Background

          On
March 30, 1995, a jury convicted Phillips of involuntary manslaughter and found
that he had used a deadly weapon, to-wit: a firearm.  Phillips pleaded true to
the enhancement and habitual offender counts, and the jury assessed his
punishment at sixty-seven years’ imprisonment.  The trial court sentenced him
accordingly.  Phillips appealed, and this court affirmed his conviction.  See
Phillips v. State, No. 02-95-00136-CR, slip op. at 6 (Tex. App.—Fort Worth Sept.
26, 1996, no pet.) (not designated for publication).  In our opinion, we set
forth the following facts:

Paul Douglas was in
[Phillips]’s car when [Phillips] gave witness Darrell Fields a ride.  [Phillips]
was arguing with Douglas over a money debt owed to [Phillips].  Fields
testified that [Phillips] pointed a gun at Douglas and said, “[D]o you think I
won’t shoot you?”  The gun discharged, killing Douglas.  [Phillips] claimed it
was an accident.  His statement to the Fort Worth Police Department was, “I
spun around and the next thing I knew the gun went off in my hand.”  

 

Id. at
1–2.

          On
August 7, 2007, Phillips filed a motion for appointment of counsel for DNA
testing.  An attorney was appointed to represent him, and Phillips filed his
request for DNA testing on October 8, 2010.  The State filed a response and
proposed findings of fact and conclusions of law.  On November 23, 2010,
without a hearing, the trial court adopted the State’s proposed findings and
conclusions and denied Phillips’s request for DNA testing.  In addition to the
facts set forth in our opinion and quoted above, the findings of fact state that
Phillips’s defense at trial was that the shooting was an accident and that Phillips’s
common-law wife, Regina Sheperd, testified that Phillips had admitted to her
that he shot Douglas during a struggle.  The trial court further found that
evidence existed that might contain biological material, including blood, hair,
and clothing of the victim, and the bullet from the victim’s body.  Regarding
identity, the trial court’s findings and conclusions state:

16.     Defendant has
alleged that DNA Testing “could establish [his] innocence.”  

 

17.     Defendant
does not allege that he is innocent.

 

18.     Defendant
does not allege that identity is or was at issue in this case. 

 

19.     Defendant admitted
in a statement to the Fort Worth Police Department that he shot the victim but
claimed it was an accident.

 

20.     Defendant
admitted to his common-law wife that he shot the victim during a struggle.

 

21.      Accident is
not an issue of identity.

 

22.     Darrell
Fields witnessed Defendant shoot the victim.

 

23.     Defendant’s
admissions are corroborated by Darrell Fields’[s] eyewitness testimony.

 

24.     The totality
of the evidence demonstrates that identity was or is not at issue.

 

. . . .

 

5.       Based on the
totality of the evidence, including Defendant’s admissions, Defendant has
failed to demonstrate that identity was or is an issue in this case.

 

6.       This Court
is not making a finding that identity was not at issue based solely on
Defendant’s plea, confession, and admissions.  [Internal citations omitted.]  

 

III.  DNA Testing Under Chapter 64

The
trial court may order DNA testing only if statutory preconditions are met.  Bell
v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); see Tex. Code
Crim. Proc. Ann. art. 64.03 (West Supp. 2010).[2]  When, as here, the trial
court denies a motion for post-conviction DNA testing without conducting a
hearing, we review the ruling de novo.  See Smith v. State, 165 S.W.3d
361, 363 (Tex. Crim. App. 2005).

A
trial court is required to order DNA testing only if the requirements of Texas
Code of Criminal Procedure article 64.03 are met, including the requirements (1)
that the trial court find that “identity was or is an issue in the case” and
(2) that the convicted person established by a preponderance of the evidence
that he would not have been convicted if exculpatory results had been obtained
through DNA testing.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (a)(2).  Article
64.03(b) further provides that

[a] convicted person
who pleaded guilty or nolo contendere or, whether before or after conviction,
made a confession or similar admission in the case may submit a motion under
this chapter, and the convicting court is prohibited from finding that identity
was not an issue in the case solely on the basis of that plea, confession, or
admission, as applicable.

 

Id. art.
64.03(b).  A defendant who requests DNA testing can make identity an issue by
showing that exculpatory DNA tests would prove his innocence. See Blacklock
v. State, 235 S.W.3d 231, 233 (Tex. Crim. App. 2007).

IV.  No Error
in Denial of Motion for
DNA Testing

Here,
Phillips’s defense at trial was that the shooting was an accident.  In addition
to Phillips’s admissions to police and to his common law wife that he shot
Douglas, Fields also testified that he witnessed Phillips shoot Douglas.  The
trial court properly considered Phillips’s admissions, as well as other
corroborating evidence, in finding that identity was not at issue in this case. 
See Tex. Code Crim. Proc. Ann. art. 64.03(b) (prohibiting a finding that
identity was not an issue in the case solely on the basis of defendant’s
admission); Hood v. State, 158 S.W.3d 480, 482–83 (Tex. Crim. App.)
(rejecting appellant’s argument that the trial court erred by finding that DNA
results would not be exculpatory because the evidence at trial conclusively
established appellant’s guilt), cert. denied, 545 U.S. 1146 (2005).  

Phillips
has alleged only that testing of biological material not previously tested “could
establish [his] innocence.”  He has failed to show that exculpatory DNA tests
would prove his innocence or that identity was at issue. See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1)(B); Blacklock, 235 S.W.3d at 233.  Consequently,
we overrule his sole point. 

V.  Conclusion

          Having
overruled Phillips’s sole point, we affirm the trial court’s order denying DNA
testing.

 

PER CURIAM

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]The applicable version of
the statute is the current one—which was in effect when Phillips filed his
request for DNA testing in 2010—not the one in effect when Phillips filed his
motion for appointment of counsel for DNA testing.  See Act of May 22,
2007, 80th Leg., ch. 1006, § 5 (providing that amendments apply to motions for
forensic DNA testing filed on or after the September 1, 2007 effective date of
the amendments).